IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RASHEEM CARTER, PETER WIRTH
ON BEHALF OF THE ESTATE OF
ERVIN BURTON, DECEASED,
ERVIN BURTON, SR.,

    Plaintiffs,

v.                                                                                  No. 23-cv-01013-MV- JHR

UZGLOBAL LLC DBA FASTPLUS CARGO,
OSMANY HANNA ROLDAN, AMAZON.COM INC.,
AMAZON.COM SERVICES, LLC,
AMAZON LOGISTICS, INC. D/B/A PRIME,
RYDER TRUCK RENTAL INC.,
JACK'S TRUCK REPAIR, INC., A/K/A
JACK'S TRUCK REPAIR LLC,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION TO DENY PLAINTIFFS' MOTION TO REMAND [DOC. 13].**

THIS MATTER comes before the Court on Plaintiffs Rasheem Carter's, Peter Wirth's (on behalf of the Estate of Ervin Burton, deceased), and Ervin Burton, Sr.'s Motion to Remand, filed on December 19, 2023. [Doc. 13]. After briefing was completed, the matter was referred to the Magistrate Judge for a recommended disposition on July 3, 2024. Having reviewed Plaintiffs' Motion [Doc. 52], Defendants' responses [Docs. 24–26], and Plaintiffs' reply [Doc. 32], the record before the Court, and the relevant law, the undersigned **RECOMMENDS** that the Motion be **DENIED**.

    **I.**    **BACKGROUND AND PROCEDURAL FACTS**

Plaintiffs filed suit in New Mexico state court for several tort claims, including negligence and wrongful death. Plaintiffs allege that on October 29, 2022, Carter and Burton were struck by an "Amazon controlled tractor-trailer" while waiting by Highway 54 outside of Logan, New

1

Mexico, for roadside assistance to arrive from Jack's Truck Repair Inc. ("Jack's Truck Repair"). The collision killed Burton and severely injured Carter. Plaintiffs named the following Defendants: Osmany Hanna Roldan as the tractor-trailer's driver, UZGlobal LLC as Roldan's employer, Ryder Truck Rental Inc. as the owner of the tractor, Amazon.com Inc. and associated companies within Amazon's corporate tree ("Amazon Defendants")[1] as the owner of the trailer, and Jack's Truck Repair.

The parties do not dispute the state citizenships of the parties. Wirth is a citizen of New Mexico, Carter is a citizen of Nevada, and Burton, Sr. is a citizen of Illinois. The Amazon Defendants are incorporated and have their principal offices in Delaware and Washington respectively, UZGlobal LLC is a Florida entity with two Floridian members, Ryder Truck Rental Inc. is a Florida entity, and Roldan is a citizen of Florida. Finally, Jack's Truck Repair is a New Mexico corporation. The shared state citizenship of Wirth and Jack's Truck Repair meant that federal courts lacked the subject-matter jurisdiction to preside over Plaintiffs' lawsuit. *E.g., Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (28 U.S.C. § 1332(a) only confers federal jurisdiction to hear a state-law action if the amount in controversy exceeds $75,000 and no two adverse parties have the same state citizenship).

The state court orally granted a motion to dismiss by Jack's Truck Repair, ruling that Plaintiffs had not pleaded a plausible claim against it. However, the state court also said Plaintiffs could file a motion to file an amended complaint against Jack's Truck Repair. Based upon a motion to amend filed in federal court after removal, Plaintiffs' proposed amended complaint would elaborate that if Jack's Truck Repair had departed promptly upon receiving Carter and Burton's distress call, Jack's Truck Repair would have arrived and helped them leave the road before the

---

[1] The "Amazon Defendants" consist of Amazon.com Inc., Amazon.com Services, LLC, and Amazon Logistics, Inc.

collision. Plaintiffs also allege that Jack's Truck Repair could have given them additional safety instructions for waiting roadside that might have reduced the risk of a collision. Prior to the state court issuing a written order dismissing Jack's or Plaintiffs filing their motion to amend, the Amazon Defendants removed the case to the United States District Court for the District of New Mexico. [Doc. 1]. The Amazon Defendants argued that removal was allowed pursuant to 28 U.S.C. § 1446(b)(3) because the state court had dismissed Jack's Truck Repair from the lawsuit. [Doc. 1, at 5–8]. Therefore, the suit now enjoyed complete diversity and Plaintiffs' alleged damages would satisfy the amount-in-controversy requirement for the Court to exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

## II.     BRIEFING SUMMARY

Plaintiffs filed the motion to remand approximately a month later, requesting to remand to state court. Plaintiffs do not dispute their lawsuit would satisfy the amount-in-controversy requirement for jurisdiction, nor do they dispute that but for Jack's Truck Repair the case would have complete diversity. [*See* Doc. 13, at 2]. Plaintiffs argue that Defendants nevertheless improperly removed to federal court in four ways. First, Plaintiffs say, the state court's oral ruling did not create a right to remove because the dismissal of Jack's Truck Repair was not an effective order under New Mexico law, and 28 U.S.C. 1446(b)(3) requires a physical writing. [Doc. 13, at 4–6]. Second, Jack's Truck Repair did not consent to removal, a statutory requirement. [Doc. 13, at 6–7]. Third, the state court's ruling gave Plaintiffs the opportunity to amend their original complaint prior to removal, which opportunity Plaintiffs have now exercised by filing their motion to amend now before this Court. [Doc. 13, at 7–12]. And fourth, the "voluntary-involuntary rule" bars removal when the dismissal of the suit's non-diverse defendant lacked the plaintiff's assent. [Doc. 13, at 12–13].

As to the first argument, Defendants respond that federal law alone governs the issue and Tenth Circuit precedent supports that an oral order on the record triggers the removal statute. [Doc. 24, at 3–4]; [Doc. 25, at 4–8]. As to the second, Defendants point out that Jack's Truck Repair did file consent to removal [Doc. 16] on December 27, 2023. [Doc. 25, at 11]; [Doc. 26, at 2]. As to the third, Defendants argue that the state court's invitation to Plaintiffs to motion to file an amended complaint did not change that the state court fully granted Jack's Truck Repair's motion to dismiss. [Doc. 24, at 7]. And as to the fourth, Defendants point out that the voluntary-involuntary rule does not apply under the "fraudulent joinder" exception when non-diverse defendants are dismissed for lack of a cause of action against them. [Doc. 24, at 5–6]; [Doc. 25, at 9–11]; [Doc. 26, at 5–7]. Plaintiffs in reply reiterate that the state court's oral order is sufficient to permit removal under state or federal law, Jack's Truck Repair's consent was untimely, their claim against Jack's Truck Repair does not equate to fraudulent joinder. [*See* Doc. 32].

### III.     STATEMENT OF THE ISSUES

1. Did the New Mexico state court's oral order granting Jack's Truck Repair's motion to dismiss furnish grounds to remove to federal court under 28 U.S.C. § 1446(b)(3), which states that a defendant may file a notice of removal when they receive "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which . . . has become removable"?

2. If so, was Jack's Truck Repair's consent for removal necessary?

3. If so, does Plaintiffs' invitation to file a motion to amend its claim against Jack's Truck Repair change the analysis?

4. If not, does the voluntary-involuntary rule otherwise preclude removal in this case?

## IV.  APPLICABLE LAW

Federal courts may exercise subject matter jurisdiction via "diversity jurisdiction," where the matter's amount in controversy exceeds the value of $75,000 and the adverse parties are from different states. 28 U.S.C. § 1332(a)(1).

A suit satisfies the amount-in-controversy requirement if there are facts or allegations establishing that a judgment worth more than $75,000 is "'in play.'" *Phelps Oil & Gas, LLC v. Noble Energy Inc.*, 5 F.4th 1122, 1126 (10th Cir. 2021) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008)). While a party cannot rely on speculative or vague assertions, the court must look to the "value of the object of the litigation" and only find the amount in controversy fails to meet the jurisdictional threshold if it is legally certain that any recovery will do so. *Phelps*, 5 F.4th at 1122; *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1182 (10th Cir. 2000); *Lovell v. State Farm Mut. Auto Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006). When a case is removed, a defendant need not assert facts supporting specific dollar amounts unless a plaintiff or the court disagrees that the suit will likely achieve the amount in controversy. *McPhail*, 529 F.3d at 954–57; *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *but see Paros Properties LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1269–70 (10th Cir. 2016) (discussing requirements for proving amount in controversy for removal).

A suit satisfies the diversity requirement if there is complete diversity, meaning no one plaintiff and one defendant share the same state citizenship. *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)). When a party is a natural person, their state citizenship is determined by their domicile, meaning the place in which they reside with an intent to remain indefinitely at the time the lawsuit was filed. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). A corporate party is

generally deemed "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A "principal place of business" refers to the site of the corporation's control, direction, and coordination by its high-level officers, commonly referred to as its "nerve center." *Hertz Corp v. Friend*, 559 U.S. 77, 80 (2010). For unincorporated businesses like partnerships or limited liability companies, the business shares the citizenship of each of its members. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015).

If a civil suit filed in state court meets these criteria for diversity jurisdiction, a defendant may remove the suit to federal court pursuant to 28 U.S.C. §§ 1441 and 1446. Even if a defendant cannot do so at the outset, 28 U.S.C. § 1446(b)(3) allows a defendant to remove to federal court within thirty days of receiving clear and unequivocal notice that diversity jurisdiction has become satisfied thanks to some change in the case, such as a party's dismissal or an amended pleading. *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1035 (10th Cir. 1998); *see also Debry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979) (citing *Ardison v. Villa*, 248 F.2d 226, 227 (10th Cir. 1957)). The standard saves courts from inquiring into the defendant's subjective knowledge and mitigates the risk that defendants will prematurely remove to federal court. *Paros Properties*, 835 F.3d at 1269.

Regarding the medium through which a defendant must learn of the grounds for removal, 28 U.S.C. § 1446(b)(3) states that the defendant's opportunity to remove begins when he "ascertains" grounds from a pleading, motion, order, or "other paper."  Whether "other paper" means that a physical writing is required has been answered different ways. Relevant here, the Tenth Circuit held that deposition testimony can be the trigger for a removal window. *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999). The Tenth Circuit explained that

6

to require a physical writing when the required information is available through other equally reliable sources would allow parties to abuse 28 U.S.C. § 1446(b)(3) on technicalities of form and clash with its "emphasis on effecting removal as soon as possible."[2] *Huffman*, 194 F.3d at 1078 (quoting *Golden Apple Mgmt Co. v. GEAC Computs., Inc.*, 990 F. Supp. 1364, 1368 (M.D. Ala. 1998)). While other circuits have rejected *Huffman*, it remains good law within the Tenth Circuit. *Compare Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 n. 3 (9th Cir. 2021), *and Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 608 (5th Cir. 2018), *with Paros Properties*, 835 F.3d at 1268.

However, there are boundaries around the opportunity to remove a case that arises from dismissal of all non-diverse parties. For example, defendants only get to remove a suit on diversity grounds after party dismissal if the nondiverse party was voluntarily dismissed, fraudulently joined, or procedurally misjoined. *Parson v. Velasquez*, 551 F. Supp. 3d 1085, 1157 (D.N.M. 2021) (citing *Debry*, 601 F.2d at 488). "Fraudulent joinder" can be established by a defendant if they demonstrate, even with all factual disputes and ambiguities resolved against them, that a plaintiff had "no possibility" of establishing a cause of action against the nondiverse party. *Parson*, 551 F. Supp. 3d at 1163–66 (discussing Tenth and Fifth Circuit jurisprudence on fraudulent joinder)*; Bio-Tec Env't, LLC v. Adams*, 792 F. Supp. 2d 1208, 1216 (D.N.M. 2011); *Miller v. Safeco Ins. Co. of Am.*, No. 23-cv-00930-KG/JFR, 2024 WL 112771 at *2 (D.N.M. Jan. 10, 2024) ("The mere possibility of a claim is all that is necessary [to defeat fraudulent joinder].").

In assessing fraudulent joinder, the court must consider the entire record and "'determine the basis of joinder by any means available.'" *De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135,

---

[2] 28 U.S.C. § 1446(c)(3)(A) also now recognizes that information contained within the record of a state proceeding is a "paper" for purposes of the amount-in-controversy requirement.

1158 (D.N.M. 2015) (quoting *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)). The job of the court is not to make merit determinations that are best left to a state court, but rather to determine if the claims against the non-diverse party have any chance under the applicable law. *De La Rosa*, 113 F. Supp. 3d. at 1160.

## V. DISCUSSION

### A. FIRST ISSUE: Whether the state court's oral order is sufficient to trigger Defendants' ability and window to remove to federal court under 28 U.S.C. § 1446(b)(3).

Defendants relied on the state court's oral order dismissing Jack's Truck Repair to remove to federal court. Plaintiffs argue that order was insufficient to act upon for two reasons: first, under New Mexico law, only a written order would make dismissal effective, meaning Jack's was still a party to the case until a written order of dismissal. [Doc. 13, at 4–5]. Second, an oral order does not meet 28 U.S.C. § 1446(b)(3)'s requirement for a physical writing to notify a defendant that the case became removable. [Doc. 32, at 4–7]. Defendants argue that federal law exclusively controls the issue and that the oral order was sufficient under Tenth Circuit precedent to trigger removal. [Doc. 24, at 3–4]; [Doc. 25, at 4–8].

New Mexico law generally requires, with few exceptions, that a court reduce its order to writing to be final and effective. *State v. Sanders*, 1981-NMCA-053, ¶¶ 24–25, 628 P.2d 1134, 1138; *State v. Vaughn*, 2005-NMCA-076, ¶ 24, 114 P.3d 354, 362; *but see State v. Ratchford*, 1993-NMSC-024, ¶ 20, 855 P.2d 556, 559 (oral orders are not a nullity). However, the Court concludes that New Mexico law regarding written orders does not control here. The Court finds persuasive the decision in *PSC Industrial Outsourcing, LP v. Burlington Insurance Company*. No. 10-00751 ACK-BMK, 2011 U.S. Dist. LEXIS 50223 (D. Haw. May 10, 2011). In that case, the defendant argued its window to remove to federal court under 28 U.S.C. § 1446(b)(3) was not

triggered until the order that made its claim removable was reduced to writing. *PSC Industrial*, 2011 U.S. Dist. LEXIS 50223 at *22. The Hawaii federal district court disagreed, noting that the oral order defendant received was definitive and defendant had treated other oral orders as such. *PSC Industrial*, 2011 U.S. Dist. LEXIS 50223 at *22. Notably, the district court reached its conclusion despite a Hawaii state rule requiring orders to be reduced to writing for entry. Haw. R. Civ. P. 58. Thus, where an argument hinges on the validity of an order's form rather than its substance, federal interpretation of 28 U.S.C. § 1446(b)(3) controls whether that order is sufficient to permit removal. *See generally Budinich v. Becton Dickinson and Co.*, 486 U.S. 196, 198 (1988) (noting that state law generally supplies the rules of decision in a diversity case unless the resolution of an issue is governed by federal statute).

Applying 28 U.S.C. §1446(b)(3), the Court would find that an oral order can trigger the statute's removal window under *Huffman*. While *Huffman* concerned deposition testimony and not an oral order, it emphasized not discriminating between equally reliable means of obtaining information to prevent delays and technicalities, an emphasis which is generally applicable to oral proceedings on the record. *Huffman*, 194 F.3d at 1078. As an analogous example of the value of form over substance, the removal statute itself has been amended since *Huffman* to recognize that information obtained in the record of a state proceeding constitutes an "other paper" when removability hinges on the amount in controversy. 28 U.S.C. § 1446(c)(3)(A).

Plaintiffs argue *Huffman* should still be limited to deposition testimony given the decision concerned deposition transcripts that don't have deadlines for production (and thus are subject to manipulation in ways that written orders are not) [Doc. 32, at 6]. The Court, however, does not agree that *Huffman* can be put to the side in these circumstances. The decision's mention of transcript deadlines came after a longer discussion of the need for a defendant to assert their right

9

to removal without unnecessary delay and for courts to reject bad-faith arguments about the parties' knowledge. *Huffman*, 194 F.3d at 1078. It appears to the Court that the decision discussed transcript deadlines to exemplify how parties might engage in that kind of conduct. *Huffman*, 194 F.3d at 1078. Therefore, the Court concludes that the New Mexico state court's oral order triggered Defendants' thirty-day window to remove to federal court under 28 U.S.C. § 1446(b)(3).

> **B.   SECOND ISSUE: Whether Jack's Truck Repair's consent needed to be timely filed to allow removal to federal court.**

Plaintiffs argue removal was procedurally improper because Defendants failed to get Jack's Truck Repair's consent to removal within thirty days. [Doc. 32, at 3–4]; 28 U.S.C. § 1446(b)(2)(A); *Zambrano v. N.M. Corr. Dep't*, 256 F. Supp. 3d 1179, 1184 (D.N.M. 2017) (defendants have thirty days from service of notice of removal to consent to proceed in federal court). While the parties focus on whether Jack's Truck Repair consented and whether it was within thirty days of removal, the consent issue dovetails with whether the state court's oral order was sufficient to create the grounds for removal.

28 U.S.C. § 1446(b)(2)(A) requires a defendant removing to federal court based on diversity jurisdiction to get the consent of "properly joined" defendants. Thus, by the statute's plain language, only defendants who remain party to the suit need to give their consent. *See Soto v. Trejo*, 685 F. Supp. 3d 1101, 1106 (D.N.M. 2023) (28 U.S.C. §1446 should be interpreted according to its plain language). It would be an otherwise unreasonable interpretation of 28 U.S.C. § 1446(b)(3) to allow a non-party, based on their initial status as a joined defendant, to influence whether the case gets removed to federal court. *See In re McGough*, 737 F.3d 1268, 1276 (10th Cir. 2013) (courts must avoiding interpreting statutes to have absurd outcomes where alternative interpretations consistent with congressional intent are available); *see also Vazquez v. Americano U.S.A, LLC*, 536 F. Supp. 2d 1253, 1258 (D.N.M. 2008) (quoting *Getty Oil Corp., a Div. of Texaco,*

*Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988)) (purpose of requiring consent is to ensure a defendant is bound to the decision to proceed in federal court). Having concluded that an oral order of dismissal was sufficient under federal law to create the opportunity and trigger the obligation to effect timely removal, it is incongruous to ignore the order of dismissal in order to determine whose consent federal law requires.

Therefore, with Jack's Truck Repair effectively no longer a party to the case, its consent was not procedurally required for Defendants to remove to federal court.

      **C.**      **THIRD ISSUE: Whether Plaintiffs' leave to file a motion to amend impacts the propriety of Defendants' removal to federal court.**

Plaintiffs point out that the state court allowed them an opportunity to file a motion to amend their complaint and revive their claim against Jack's Truck Repair, and it was only Defendants' premature removal that prevented them from doing so. [Doc. 13, at 7]. Plaintiffs later characterized the state court's order as giving them leave to file an amended complaint andnot just a motion to amend. [Doc. 13, at 7]. The Court disagrees that the possibility of an amended complaint should impact the decision on the present Motion. The proper frame of analysis requires the Court to look at the suit as it existed at the time of removal. *Mach v. Triple D Supply, LLC*, 773 F. Supp. 2d 1018, 1030 (D.N.M. 2011) (quoting *Levert-St. John, Inc. v. Hartford Steam Boiler Inspection & Ins. Co.*, No. CIVA 06-1023, 2006 WL 1875494 at *2 (W.D. La. July 3, 2006)). Under Rule 1-015 NMRA, a party can only file an amended pleading as of right if no responsive pleading has been filed first. Defendants, including Jack's Truck Repair, did file answers in state court. [Ex. B to Doc. 1, at 41, 57, 75, 96, 115, 184]. Therefore, not only was Jack's Truck Repair dismissed as a party at the time of removal, but Plaintiffs no longer held an automatic right to file an amended complaint reviving its claim against it. Leave to file a motion to amend does not

11

guarantee the state court will accept the amended complaint, nor does it suggest that the state court qualified its ruling granting Jack's Truck Repair's motion to dismiss.

**D.** **FOURTH ISSUE: Whether the voluntary-involuntary rule prohibits removal in this case despite Jack's Truck Repair's dismissal.**

Finally, Plaintiffs argue the "voluntary-involuntary" rule prohibits removal in this case because the state court dismissed Jack's Truck Repair without Plaintiffs' assent. [Doc. 13, at 12–13]. Defendants respond that Plaintiffs' claim against Jack's satisfies the fraudulent joinder exception to that rule, on the grounds that Plaintiffs cannot state a cause of action against Jack's. [Doc. 24, at 5–6]; [Doc. 25, at 9–11]; [Doc. 26, at 5–7]. Plaintiffs reply that their claim against Jack's can cross the minimal threshold needed to avoid a fraudulent joinder finding. [Doc. 32, at 7–9].

As discussed in the applicable law section, to prove fraudulent joinder Defendants must demonstrate that Plaintiffs' claim against Jack's had no possibility of success. To do so, Jack's argues New Mexico does not recognize the "negligent undertaking theory" on which Plaintiffs rely. [Doc. 26, at 3–4]. Plaintiffs pleaded that Jack's Truck Repair's failure to timely provide roadside assistance to Carter and Burton breached its duty to them and prevented the couple from being able to leave before the tractor-trailer hit them. [Ex. B to Doc. 1, at 6, 18]; [Ex. E to Doc. 13, at 5–6, 18–19]. [3] Jack's cites *Blake v. Public Service Company of New Mexico*, in which the New Mexico Court of Appeals rejected a negligence claim based on a utility company's failure to adequately maintain a streetlight during the night. 2004-NMCA-002, 82 P.3d 960. The appeals court reasoned that a utility company was not liable just for failing to provide adequate streetlight

---

[3] Again, the Court notes here that at the time of removal the relevant complaint was Plaintiffs' original one, not their proposed amendments. However, the major difference between the two is greater detail. [Ex. B to Doc. 1, at 6, 18]; [Ex. E to Doc. 13, at 5–6, 18–19]. Plaintiffs otherwise rest on the same general theory of negligence against Jack's Truck Repair, besides the additional arguments about what safety measures it could have recommended or offered to Ms. Carter and Mr. Burton. Those additional allegations would not impact the result of the Court's analysis.

at night, given that there would still be dark even if the utility company had not acted at all. *Blake*, 2004-NMCA-002, ¶ 26, 82 P.3d at 967.

Plaintiffs respond that their claim does not use the negligent undertaking theory as articulated in *Blake*. [Doc. 32, at 9]; *Blake*, 2004-NMCA-002, ¶ 25, 82 P.3d at 967. Instead, Plaintiffs argue their claim follows *Hovey-Jaramillo v. Liberty Mutual Insurance*, 2023-NMCA-068, 535 P.3d 747. In *Hovey-Jaramillo*, the appeals court recognized that service providers must exercise "ordinary care" when conducting those services, and the failure to do so in a manner which results in physical harm to the plaintiff is a tort. 2023-NMCA-068, ¶¶ 25–26, 535 P.3d at 753. The appeals court then applied that duty to Liberty Mutual whose employee instructed a client seeking roadside assistance to exit her car and retrieve her license plate number, resulting in the client being hit by another driver. *Hovey-Jaramillo*, 2023-NMCA-068, ¶¶ 2–3, 535 P.3d at 748. Plaintiffs claim that Liberty Mutual's instruction to its client to leave her car is comparable to Jack's Truck Repair's lateness, which violated the standard of care for roadside assistance and left Ms. Carter and Mr. Burton in danger of a collision. [Doc. 13, at 9–11]. In this Court's view, the creation of danger by a client's performance of an affirmative instruction as in Hovey-Jaramillo is not at all the scenario presented by the pleadings or proposed amended pleadings in this case.

I find that Defendants have shown the elements of fraudulent joinder. Setting aside the scope of Jack's Truck Repair's alleged duty once they agreed to provide roadside service,[4] Plaintiffs have not shown that Jack's alleged conduct may have caused their damages. *See Johnstone v. City of Albuquerque*, 2006-NMCA-119, ¶ 20, 145 P.3d 76, 83 (discussing proximate

---

[4] The Court recognizes the line between causation and duty is often blurred since foreseeability is both an element of causation and often discussed with duty under New Mexico law. *Herrera v. Quality Pontiac*, 2003-NMSC-018, ¶ 8, 73 P.3d 181, 186; *Rodriguez v. Del Sol Shopping Ctr. Assocs.*, *L.P.*, 2014-NMSC-014, ¶¶ 21–24, 326 P.3d 465, 473–474 (clarifying difference between duty analysis and breach-of-duty analysis). But whether framed in terms of Jack's Truck Repair owing and breaching a duty, or Jack's Truck Repair causing harm, the lack of a negligence claim here is still clear.

13

cause). Causation requires that a defendant's conduct contributed to a plaintiff's damages such that damages would not have occurred without that conduct. *Paez v. Burlington N. Santa Fe Ry.*, 2015-NMCA-112, ¶ 14, 362 P.3d 116, 122. Under the fraudulent joinder standard, the Court presumes as true that Carter and Burton would have avoided the collision if Jack's left to assist them sooner. However, Plaintiffs do not allege that Jack's created a dangerous situation that would not have been if Jack's had not undertaken to assist Ms. Carter and Mr. Burton, which is necessary for liability. *See Blake*, 2004-NMCA-002, ¶ 26, 82 P.3d at 967;[5] *accord Thompson v. Potter*, 2012-NMCA-014, ¶¶ 25–26, 268 P.3d 57, 64–65.

For example, Plaintiffs do not allege that Jack's Truck Repair's lateness forced them to stop roadside, made their position roadside less safe, helped cause Roldan to crash into Carter and Burton, or otherwise made their injuries more severe. *Cf. Hovey-Jaramillo*, 2023-NMCA-068, ¶¶ 2–3, 535 P.3d at 748. Jack's Truck Repair's role in the causal chain of events, then, was its failure to intervene in time to keep Carter and Burton from suffering at the hands of other allegedly responsible parties. New Mexico law does not accept that conduct as negligence without some basis for special recognition. *Thompson*, 2012-NMCA-014, ¶ 27, 268 P.3d at 65; *see also, e.g., Lujan v. N.M. Dep't of Transp.*, 2015-NMCA-005, ¶¶ 10, 35–36, 341 P.3d 1, 4, 10 (government must maintain its highways such that noticed, dangerous conditions are not allowed to persist).

For these reasons, the I conclude that Plaintiffs' claim against Jack's Truck Repair had no possibility of success, and so Defendants could remove to federal court despite the involuntary dismissal of Jack's as a party.

---

[5] The Court is not persuaded by Plaintiffs' distinction of *Blake*. While *Blake* concerned a distinct type of negligent undertaking not present in this case, the decision relies multiple times on a Third Circuit opinion that discussed negligent undertaking as it is argued by Plaintiffs. *Turbe v. Government of Virgin Islands*, 938 F.2d 427 (3d Cir. 1991). *Turbe* analyzed in part Restatement (Second) of Torts §323, which Plaintiffs cited in defense of their original complaint. [Ex. B. to Doc. 1, at 141]; *Turbe*, 938 F.2d at 430. Essentially, the causation principle works the same here as it did in *Blake*.

## VI.     CONCLUSION

In summary, I propose that the Court find:

1. The state court's oral order dismissing Jack's Truck Repair as a party created true diversity and triggered Defendants' right to remove to federal court pursuant to 28 U.S.C. § 1446(b)(3);

2. Defendants' removal was substantively and procedurally proper;

3. Removal is not prohibited by the voluntary-involuntary rule because Plaintiffs did not plead a possible claim for relief against Jack's Truck Repair, i.e., Jack's Truck Repair was fraudulently joined;

4. Because removal was substantively and procedurally proper, I **RECOMMEND** Plaintiff's Motion to Remand should be **DENIED**.

Hon. Jerry H. Ritter
United States Magistrate Judge

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**