IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RASHEEM CARTER, PETER WIRTH,
*on behalf of the estate of Ervin Burton,*
*deceased*; *and* ERVIN BURTON, SR.,

      Plaintiffs,

v.                                                                                    No. 23-cv-01013-MV- JHR

UZGLOBAL LLC *d/b/a* FASTPLUS CARGO,
OSMANY HANNA ROLDAN, AMAZON.COM INC.,
AMAZON.COM SERVICES, LLC,
AMAZON LOGISTICS, INC. *d/b/a* PRIME,
RYDER TRUCK RENTAL INC., *and*
JACK'S TRUCK REPAIR, INC., *a/k/a*
JACK'S TRUCK REPAIR LLC,

      Defendants.

**MEMORANDUM OPINION AND ORDER ADOPTING PROPOSED FINDINGS AND
RECOMMENDED DISPOSITION [DOC. 41] TO DENY MOTION TO REMAND [DOC. 13]**

THIS MATTER comes before the Court on Plaintiffs Rasheem Carter, Peter Wirth (on behalf of the Estate of Ervin Burton, deceased), and Ervin Burton, Sr.'s Motion to Remand [Doc. 13] ("Remand Motion"). The Court referred the matter to Magistrate Judge Jerry H. Ritter on July 3, 2024. [Doc. 40]. Judge Ritter issued proposed findings and a recommended disposition on August 30, 2024, recommending that the Court deny Plaintiffs' Motion. [Doc. 41] ("PFRD"). Plaintiffs have timely filed their objections. [Doc. 42]. The Court has reviewed the briefing, the PFRD, the record, and applicable law. For the reasons below, the Court adopts the PFRD, overrules Plaintiffs' objections, and DENIES Plaintiffs' Remand Motion.

## I.    PROCEDURAL BACKGROUND

This suit began in New Mexico state court, where Plaintiffs filed a complaint for several state-law tort claims against Defendants. Plaintiffs allege that an "Amazon controlled tractor-trailer" struck Ms. Carter and Mr. Burton while they waited on Highway 54 outside of Logan, New

Mexico, seriously injuring Ms. Carter and causing Mr. Burton's death. Plaintiffs named as defendants the tractor-trailer's driver, Osmany Hanna Roldan, Mr. Roldan's employer, UZGlobal LLC, the tractor's owner, Ryder Truck Rental Inc., and the trailer's owner, Amazon.com Inc. and associated companies ("Amazon Defendants"). Plaintiffs also sued Jack's Truck Repair, which Ms. Carter and Mr. Burton had called for roadside assistance and were waiting for when the collision happened. No plaintiff and defendant share the same state citizenship except for Jack's Truck Repair and Mr. Wirth.

Jack's Truck Repair later filed a motion to dismiss, asserting that Plaintiffs failed to state a claim for relief against it. The state court orally granted the motion and gave Plaintiffs leave to file a motion to amend their complaint.[1] Plaintiffs' proposed amendments allege that Jack's Truck Repair negligently failed to leave to assist Ms. Carter and Mr. Burton as soon as it received their distress call, and that if it had left in an timely manner, Jack's Truck Repair would have arrived to help the couple leave before the crash. Before Plaintiffs filed their motion to amend or the state court issued a written dismissal order, Amazon Defendants removed this action to federal court pursuant to 28 U.S.C. § 1446(b)(3), citing diversity subject-matter jurisdiction. [Doc. 1]; 28 U.S.C. § 1332(a) (federal courts have jurisdiction to hear state law claims where no plaintiff and defendant share the same state citizenship and the amount in controversy exceeds $75,000).

Plaintiffs filed the Remand Motion thirty-three days after Amazon Defendants filed their Notice of Removal. [Doc. 13]. They argued that the Court must remand to state court because the dismissal of Jack's Truck Repair required a written order, Jack's Truck Repair failed to consent to

---

[1] It is not clear from the record whether Plaintiffs received leave to file an amended complaint or to file a motion to amend their complaint. *Compare* [Doc. 13, at 7] ("the oral decision allowed for Plaintiff[s] to file a motion for leave to amend"), *with* [Doc. 29-2]. However, the difference does not change the Court's analysis. *See* Part V.C., *infra*.

removal as needed under 28 U.S.C. § 1446(b)(2)(A), the state court gave Plaintiffs an opportunity to amend their complaint, and the voluntary-involuntary rule, which prohibits removal when the dismissal of a non-diverse party lacks the plaintiff's consent, applied. [Doc. 13]. Defendants responded that Tenth Circuit precedent interpreting § 1446(b)(3) permits removal based on oral orders, Jack's Truck Repair did file a notice of consent, the possibility of an amended complaint did not affect the issue, and the lack of a viable claim against Jack's Truck Repair satisfied the fraudulent joinder exception to the voluntary-involuntary rule. [Docs. 24–26]. Plaintiffs replied by reasserting their arguments in their Remand Motion and claiming fraudulent joinder failed on the merits because general service providers, like Jack's Truck Repair, have a duty of ordinary care to their customers under New Mexico law. [Doc. 32].

## II.   SUMMARY OF THE PFRD

In the PFRD, Judge Ritter noted that no party disputed that the suit would satisfy diversity subject-matter jurisdiction but for Jack's Truck Repair's participation. [Doc. 41, at 3]. Judge Ritter then began by addressing Plaintiffs' arguments about the efficacy of the oral dismissal order. First, Judge Ritter found that § 1446(b)(3), not New Mexico law, governed whether an oral order could trigger a party's right and window to remove. *Id.* at 8. The statute states that a defendant has thirty days to remove to federal court once they learn that the grounds for removal are unequivocally satisfied from an order, pleading, motion, or "other paper." 28 U.S.C. § 1446(b)(3). Judge Ritter then applied this Circuit's standing precedent that oral deposition testimony can trigger a defendant's window to remove; he found that oral orders, like deposition testimony, are on the record and equally reliable to their written counterparts, and therefore § 1446(b)(3) would accept oral orders to prevent parties from gaming technicalities of form. *Id.* at 9 (citing *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999)). Judge Ritter cited as persuasive *PSC*

3

*Indus. Outsourcing, LP v. Burlington Ins. Co.*, 2011 U.S. Dist. LEXIS 50223, at *22 (D. Haw. May 10, 2011), a Hawaii district court opinion that applied *Huffman* to oral orders. *Id.* at 8.

Having found that the state court's oral order had effectively dismissed Jack's Truck Repair, Judge Ritter concluded that Defendants no longer needed its consent to remove, given that the company was no longer a "properly joined defendant" under § 1446(b)(2)(A). *Id.* at 10. Judge Ritter further found that the possibility that Plaintiffs could file an amended complaint did not guarantee that they could resurrect a claim against Jack's Truck Repair, and regardless did not prevent removal on the case's current posture. *Id.* at 11 (citing *Mach v. Triple D Supply, LLC*, 773 F. Supp. 2d 1018, 1030 (D.N.M. 2011)).

Finally, Judge Ritter noted that the Tenth Circuit recognized the voluntary-involuntary rule, meaning that Defendants had to prove the fraudulent joinder exception by showing that Plaintiffs either committed actual fraud by joining Jack's Truck Repair or had no possible claim against the company. *Id.* at 7 (citing *Parson v. Velasquez*, 551 F. Supp. 3d 1085 (D.N.M. 2021)). Judge Ritter determined that Defendants proved fraudulent joinder because Plaintiffs' complaint contained no allegations tending to show that Jack's Truck Repair caused their injuries by creating or increasing a danger to Ms. Carter and Mr. Burton that otherwise would have been absent. *Id.* at 13–14.

For the above reasons, Judge Ritter recommended that the Court find that removal was proper and deny Plaintiffs' Remand Motion.

## III.    BRIEFING SUMMARY

Plaintiffs raise several objections to the PFRD. First, they assert that Judge Ritter incorrectly held that New Mexico law on the efficacy of oral orders did not matter and otherwise misapplied federal law. [Doc. 42, at 3–6]. Second, they assert that Judge Ritter contradicted the clear statutory requirement of Jack's Truck Repair's consent to removal. *Id.* at 7–9. Third, they

argue that Judge Ritter incorrectly found that fraudulent joinder defeated the voluntary-involuntary rule, because (a) the state court opening the door to an amended complaint suggests that Plaintiffs had a viable claim, (b) Defendants waived the fraudulent joinder argument by not including it in the Notice of Removal, and (c) Judge Ritter improperly shifted the burden of disproving fraudulent joinder to Plaintiffs and misjudged the viability of their negligence theory against Jack's Truck Repair. *Id.* at 10–13.

## IV.   <u>APPLICABLE LAW</u>

When a magistrate judge submits proposed findings and a recommended disposition on referral from the district court, parties must file any objections within 14 days of its service. Fed. R. Civ. P. 72(b)(2). The district court then must review, de novo, any part of the proposed findings and recommended disposition properly objected to and may either accept, reject, or modify it. Fed. R. Civ. P. 72(b)(3).

The failure to timely object to a magistrate judge's proposed findings and recommended disposition constitutes a waiver of those objections on review. *Nelson v. United States*, 40 F.4th 1105, 1109 (10th Cir. 2022). In addition, a party waives any argument that they failed to present to the magistrate judge unless the interest of justice compels otherwise. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). While the district court does not have to defer to a magistrate judge's reasoning, the de novo review standard also does not preclude the district court from relying on it. *United States v. Raddatz*, 447 U.S. 667, 675 (1980).

## V.   <u>DISCUSSION</u>

The Court finds the PFRD persuasive and overrules Plaintiffs' objections. First, federal law controls what triggers a party's right to remove to federal court, and Tenth Circuit precedent

supports that an oral dismissal order suffices. Second, the dismissal of the claims against Jack's Truck Repair forecloses the need for its consent for removal. Third, regarding fraudulent joinder, the Court finds that (1) Plaintiffs' proposed amended complaint does not impact the propriety of removal, (2) Plaintiffs waived their objections to any defects in the Notice of Removal, and (3) Judge Ritter correctly found that Plaintiffs cannot state a possible claim for relief against Jack's Truck Repair under New Mexico law.

**A.      Federal Law Controls When a Defendant Can Remove to Federal Court, and Tenth Circuit Precedent Supports that an Oral Order Can Trigger the Window to Remove.**

Judge Ritter found that federal law controls whether the state's oral dismissal order gave Defendants grounds to remove to federal court, and the Tenth Circuit's *Huffman* decision supported that it did. [Doc. 41, at 8–10]. Plaintiffs object that Judge Ritter improperly relied on the unpublished and now abrogated *PSC Industrial* decision from Hawaii and over-extended *Huffman*, which other circuits have rejected on textual grounds. [Doc. 42, at 5–6] (citing *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 887 (9th Cir. 2010), and *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 609 (5th Cir. 2018)). Plaintiffs argue that New Mexico law controls, as it dictated when Jack's Truck Repair's dismissal became effective. *Id.* at 6, n. 3. Plaintiffs further argue that *Huffman*'s concern for procedural abuse does not apply to oral orders, which, unlike deposition transcripts, may change prior to their reduction to writing and have a set deadline for entry. *Id.*

The Court does not find Plaintiffs' objections persuasive. While New Mexico law states that its courts' orders generally are not final and effective until written, it also holds that entry of a written order is a "ministerial act" that does not affect a judgment's validity. *Compare State v. Vaughn*, 2005-NMCA-076, ¶ 24, 114 P.3d 354, 362, *with De Lao v. Garcia*, 1981-NMCA-091, ¶ 6, 633 P.2d 1237, 1238; *see also U.S. Bank, Nat'l Ass'n v. Kesler*, No. 35,165, 2017 WL 3484776, at *7 (N.M. Ct. App. July 18, 2017) (unpublished) (oral order granting summary judgment

constituted disposition of case to which the defendant could file a motion for reconsideration in response). As Judge Ritter noted, Plaintiffs do not contest that the state court dismissed their claims against Jack's Truck Repair, only that Defendants needed a final written order pursuant to the New Mexico Rules of Civil Procedure. [Doc. 41, at 9]. Thus, the Court agrees with Judge Ritter that § 1446(b)(3) supersedes state procedural rules on whether an oral order's medium would prevent defendants from removing where its substance proves the grounds for removal. *Id.* (citing *Budinich v. Becton Dickinson and Co.*, 486 U.S. 196, 198 (1988)).

Turning to federal law, Plaintiffs overlook that Judge Ritter cited *PSC Industrial* for its persuasive reasoning regarding § 1446 and *Huffman*, and not for not the weight of its authority. *Id.* 8–9. Other circuits' rejection of *Huffman* does not change that it remains good law for the courts in this Circuit. *See, e.g., Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1231 (10th Cir. 2000). To the extent that other circuit decisions should persuade the Court to distinguish *Huffman*, the Court agrees with Judge Ritter that the opportunities for abuse by requiring a written order mirror those arising from requiring a written deposition transcript. [Doc. 41, at 9–10]. An oral order occurs on the record, clearly notifies a defendant when it dismisses a non-diverse party, and helps facilitate § 1446's goal of effecting removal as soon as possible. *See Huffman*, 194 F.3d at 1078. And contrary to Plaintiffs' distinctions between orders and depositions, written orders can change, too, and New Mexico's timeline for their entry has more effect on setting appellate and filing deadlines than guaranteeing timely issuances. *See* 1-061, NMRA (harmless error); *see also Albuquerque Redi-Mix, Inc. v. Scottsdale Ins. Co.*, 2007-NMSC-051, ¶ 13, 168 P.3d 99, 103. Consequently, forcing a party to wait for a written order can create the kind of delays or bad-faith gaming of technicalities of form that *Huffman* found contrary to the removal statute. The Court therefore

agrees with Judge Ritter and finds that a defendant can remove to federal court on the basis of an oral order on the record under § 1446(b)(3) and *Huffman*.

**B.     Jack's Truck Repair's Consent Was Not Needed.**

Plaintiffs object that Amazon Defendants failed to get Jack's Truck Repair's timely consent, pursuant to § 1446(a)(2)(A), which Defendants needed because Jack's Truck Repair had been joined and served as a party. [Doc. 42, at 7].

The Court agrees with Judge Ritter that Amazon Defendants did not need Jack's Truck Repair's consent to remove. [Doc. 41, at 10]. Section 1446(a)(2)(A) requires that all "properly joined" defendants in a civil action must consent to proceed in federal court within 30 days of removal on diversity-jurisdiction grounds. However, because the state court dismissed the claims against Jack's Truck Repair, it was not a properly joined defendant. *Id.* at 10–11. Plaintiffs' argument that Judge Ritter invented his interpretation of § 1446(a)(2)(A) "out of whole cloth" relies on assuming that Jack's Truck Repair effectively remained a defendant without a written dismissal order. [Doc. 42, at 8] ("The logic of Plaintiffs' position is simple: Jack's was a properly joined and served defendant *at the time Amazon removed*.") (emphasis added).

Plaintiffs also refer to Jack's Truck Repair's filings in this Court as an example of their continued participation as a party in this case. *Id.* at 9. When Jack's Truck Repair entered an appearance, the Court had not yet clarified the procedural posture of the case or its subject-matter jurisdiction. *See Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) (a court can address its subject-matter jurisdiction at any time in the proceedings). Furthermore, Jack's Truck Repair has largely limited its participation to contesting Plaintiffs' arguments for why the Court lacks that jurisdiction. [Docs. 20, 26, 30]. The Court therefore does not find that Jack's Truck Repair's filings prove that it remains a defendant.

**C.      Plaintiffs Waived Their Procedural Objection to the Fraudulent Joinder Argument and Failed to State a Possible Claim for Relief Against Jack's Truck Repair on the Merits.**

The Court finds Judge Ritter's analysis of the voluntary-involuntary rule persuasive. *See* Part II, *supra*. It disagrees with Plaintiffs' objections because (1) the possibility of an amended complaint does not impact the removal analysis, (2) Plaintiffs waived their objections to Defendants' failure to include fraudulent joinder in their Notice of Removal, and (3) Plaintiffs do not dispute Judge Ritter's finding that they could not possibly show that Jack's Truck Repair caused their alleged injuries under New Mexico law.

**1.      Plaintiffs' Ability to File an Amended Complaint Does Not Impact Removal.**

First, Plaintiffs argue that Defendants failed to prove that they fraudulently joined Jack's Truck Repair because their chance to file an amended complaint suggests that the state court thought Plaintiffs had a possible claim. [Doc. 42, at 10]. However, as Judge Ritter recognized, the fact that Plaintiffs were permitted to offer an amended complaint does not mean that the state court necessarily would find that such amended complaint pled a cognizable theory of relief against Jack's Truck Repair. [Doc. 41, at 11]. A motion to remand requires the district court to look at the whole action in its posture at the time of removal; the state court had orally dismissed the original complaint's claims against Jack's Truck Repair when Amazon Defendants removed. *Mach*, 773 F. Supp. 2d at 1030 (quoting *Levert-St. John, Inc. v. Hartford Steam Boiler Inspection & Ins. Co.*, Civ. No. 06-1023, 2006 WL 1875494, at *2 (W.D. La. July 3, 2006)). Regardless, Judge Ritter considered Plaintiffs' proposed amended complaint. [Doc. 41, at 12, n. 3]. Therefore, the ability of Plaintiffs to file an amended complaint does not affect the removal analysis.

2.      **Plaintiffs Waived Their Objection to the Timeliness of Defendants' Fraudulent Joinder Argument.**

Plaintiffs argue that Defendants waived their fraudulent joinder argument by failing to include it in their Notice of Removal. [Doc. 42, at 11–12]. Plaintiffs did not raise this argument before Judge Ritter. [Doc. 32, at 7–9]. Therefore, the Court may consider Plaintiffs' timeliness argument waived unless it finds that justice demands its consideration. *Marshall*, 75 F.3d at 1426. The Court will address the timeliness argument in more detail, given that fraudulent joinder is a jurisdictional analysis and the issue's resolution depends on legal nuances. *Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1247 (10th Cir. 2004).

Plaintiffs do not dispute the substance of Defendants' fraudulent joinder argument but rather point out its absence in the Notice of Removal. [Doc. 42, at 11–12]. Under 28 U.S.C. § 1447(c), a plaintiff has only 30 days to file a motion to remand on the basis of any defect other than a lack of subject-matter jurisdiction. "Any defect" refers to a defendant's failure to comply with the "legal requisites" of removal besides having adequate jurisdictional grounds. *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1095 (10th Cir. 2017); *accord Huffman*, 194 F.3d at 1076–77. Therefore, Plaintiffs' objection to the timeliness of Defendants' fraudulent joinder argument raises a defect in procedural compliance, not the Court's subject-matter jurisdiction. Plaintiffs filed their Remand Motion on December 19, 2023, more than 30 days after Amazon Defendants filed their Notice of Removal on November 16, 2023. [Docs. 1, 13]. Consequently, Plaintiffs have waived all objections to defects in the notice other than lack of subject-matter jurisdiction. 28 U.S.C. § 1447(c); *Huffman*, 194 F.3d at 1077.[2]

---

[2] Plaintiffs' waiving of their objections to procedural defects and Defendants proving of fraudulent joinder allow the Court to exercise its subject-matter jurisdiction even if Defendants needed a written dismissal order and Jack's consent to remove. *See Albert*, 356 F.3d at 1247;

3.      **Judge Ritter Did Not Misapply the Standard for Fraudulent Joinder.**

Judge Ritter recommended that the Court find that fraudulent joinder is satisfied because Plaintiffs cannot possibly demonstrate that Jack's Truck Repair helped cause their alleged injuries. [Doc. 41, at 13–14]. Plaintiffs object that Judge Ritter shifted the burden of proving fraudulent joinder to them and overlooked that they pleaded that Jack's Truck Repair violated a cognizable duty. [Doc. 42, at 13] (citing *Hovey-Jaramillo v. Liberty Mut. Ins.*, 2023-NMCA-068, 535 P.3d 747).

Plaintiffs can only argue that Judge Ritter shifted the burden to them by decontextualizing the PFRD's wording. *Compare* [Doc. 42, at 13] ("Judge Ritter erroneously concluded that 'Plaintiffs have not shown that Jack's alleged conduct may have caused their damages'"), *with* [Doc. 41, at 13] ("I find that Defendants have shown the elements of fraudulent joinder."). Furthermore, Judge Ritter did not base his analysis on whether Jack's Truck Repair had a duty to Ms. Carter and Mr. Burton. [Doc. 41, at 13]. Rather, Judge Ritter focused on how New Mexico requires plaintiffs to prove causation for a negligent undertaking theory by comparing what the defendant did to what would have happened if the plaintiff never contracted the defendant's services at all. *Id.* (citing several New Mexico court decisions). As Judge Ritter concluded, Plaintiffs offered no allegation in their original or proposed amended complaint tending to support that Jack's Truck Repair caused or worsened the dangerous conditions they faced when they had to pull over to the side of the road. *Id.* at 13–14 (distinguishing *Hovey-Jaramillo*).

---

*Updike v. West*, 172 F.2d 663, 665 (10th Cir. 1949); *Farmland Nat'l Beef Packing Co., L.P. v. Stone Container Corp.*, 98 F. App'x 752, 756 (10th Cir. 2004).

## VI.    <u>CONCLUSION</u>

For the above reasons, the Court hereby ADOPTS Judge Ritter's Proposed Findings and Recommend Disposition [Doc. 41] as an ORDER of the Court, OVERRULES Plaintiffs' objections, and DENIES Plaintiffs' Motion to Remand. [Doc. 13].

**IT IS SO ORDERED.**

Hon. Martha Vázquez
Senior U.S. District Judge

12