IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RASHEEM CARTER, PETER WIRTH, on
behalf of the ESTATE OF ERVIN BURTON,
DECEASED, ERVIN BURTON, SR.,

      Plaintiffs,

v.                            1:23-cv-01013-MV-JHR

UZGLOBAL, LLC, D/B/A FASTPLUS CARGO,
OSMANY HANNA ROLDAN, AMAZON.COM, INC.,
AMAZON.COM SERVICES, LLC, AMAZON
LOGISTICS, INC., D/B/A PRIME, and
RYDER TRUCK RENTAL, INC.,

      Defendants.

## PLAINTIFFS' FIRST AMENDED COMPLAINT FOR NEGLIGENCE, WRONGFUL DEATH, PERSONAL INJURIES AND EXEMPLARY DAMAGES

COME NOW RASHEEM CARTER, PETER WIRTH, On Behalf of the Estate of ERVIN

BURTON, Deceased, ERVIN BURTON, SR. (hereinafter jointly and severally referred to as

"Plaintiffs"), complaining of the following Defendants: 1) UZGLOBAL LLC DBA FASTPLUS

CARGO (hereinafter referred to as "Defendant UZGLOBAL"), 2) OSMANY HANNA ROLDAN

(hereinafter referred to as "Defendant ROLDAN"), 3) AMAZON.COM, INC. (hereinafter referred

to as "Defendant AMAZON INC."), 4) AMAZON.COM SERVICES, LLC (hereinafter referred

to as "Defendant AMAZON SERVICES"), 5) AMAZON LOGISTICS, INC. DBA PRIME

(hereinafter referred to as "Defendant LOGISTICS"), 6) RYDER TRUCK RENTAL INC.

(hereinafter referred to as "Defendant RYDER").   For their Complaint Plaintiffs allege the

following:

### PARTIES, JURISDICTION AND VENUE

1.    Plaintiffs Complaint asserts their right to recover damages as a result of a vehicle collision

which occurred in the afternoon of October 29, 2022, on US Highway 54, in Quay County, New Mexico, (the "collision").

2.      The collision on October 29, 2022, killed Ervin Burton, who was driving a 2004 Chevrolet Impala.

3.      On May 3, 2023, attorney Peter Wirth was duly appointed as the Personal Representative of the Estate of Ervin Burton pursuant to the New Mexico Wrongful Death Act.  Mr. Wirth is a resident of Santa Fe County, New Mexico.

4.      Mr. Wirth is an attorney experienced and familiar with the responsibilities imparted to a Personal Representative under the New Mexico Wrongful Death Act, and New Mexico Supreme Court Rules, including the duties owed statutory beneficiaries.

5.      Plaintiff Rasheem Carter is a resident of Las Vegas, Nevada, and was a passenger in the 2004 Chevrolet Impala and the Fiancée of Ervin Burton at the time he died.

6.      Plaintiff Ervin Burton, Sr. is a resident of Chicago, Illinois, and is the father of Ervin Burton, deceased.

7.      Defendant UZGLOBAL LLC DBA FASTPLUS CARGO (herein "Defendant UZGLOBAL"), is an Ohio corporation doing business in the State of New Mexico. Defendant UZGLOBAL has been served with process and has entered an appearance in this matter. A copy of this amended complaint can be served upon Defendant UZGLOBAL via its counsel of record.

8.      Defendant OSMANY HANNA ROLDAN (herein "Defendant ROLDAN"), is a resident of Tampa, Florida. Defendant ROLDAN has been served with process and has entered an appearance in this matter. A copy of this amended complaint can be served upon Defendant ROLDAN via his counsel of record.

9.      Defendant AMAZON.COM, INC. is a Delaware Corporation doing business in the State

of New Mexico. Defendant AMAZON.COM, INC. has been served with process and has entered an appearance in this matter. A copy of this amended complaint can be served upon Defendant AMAZON.COM, INC. via its counsel of record.

10.    Defendant AMAZON.COM, INC. (herein "Defendant AMAZON INC."), is and was at all pertinent times a corporation incorporated under the laws of the State of Delaware with its principal place of business in King County, Washington. Defendant AMAZON INC routinely transacts business in the State of New Mexico: including maintaining distribution warehouses, delivering or causing to be delivered cargo and packages and operating trucks on New Mexico roadways and interstates.

11.    Defendant AMAZON.COM SERVICES, LLC (herein "Defendant AMAZON SERVICES"), is a Delaware corporation doing business in the State of New Mexico. Defendant AMAZON SERVICES has been served with process and has entered an appearance in this matter. A copy of this amended complaint can be served upon Defendant AMAZON SERVICES via its counsel of record.

12.    At all material times, on information and belief, Defendant AMAZON SERVICES is a wholly-owned subsidiary of Defendant AMAZON INC and a subsidiary, sister entity, or affiliate of Defendant AMAZON LOGISTICS. Defendant AMAZON SERVICES was and is a foreign limited liability company formed under the laws of the State of Delaware with its principal place of business in King County, Washington.

13.    Defendant AMAZON SERVICES is the product and goods part of the Amazon operation and relies on and advertises immediate delivery of products ordered by customers, sometimes to be delivered within hours. To meet their customer service promises and delivery deadlines, Defendant AMAZON SERVICES has distribution, warehouse and storage facilities throughout

New Mexico, on information and belief, and contracts with thousands of interstate and intrastate motor carrier trucking companies to position those goods in their distribution centers for rapid delivery and to then deliver those goods to end customers. Defendant AMAZON SERVICES was transacting business substantially in New Mexico on the date of the crash, giving rise to this Complaint, and is subject to the jurisdiction of this Court.

14.    Defendant AMAZON LOGISTICS, INC. DBA PRIME (herein "Defendant AMAZON LOGISTICS"), is a Delaware corporation doing business in the State of New Mexico. Defendant AMAZON LOGISTICS has been served with process and has entered an appearance in this matter. A copy of this amended complaint can be served on Defendant AMAZON LOGISTICS via its counsel of record.. Defendant AMAZON LOGISTICS is registered as a motor carrier common carrier and motor carrier contract carrier with the Department of Transportation, Federal Motor Carrier Safety Administration under USDOT # 2881058, MC # MC-826094. Defendant LOGISTICS arranges for transport and transports cargo in interstate commerce and regularly conducts business in the State of New Mexico.

15.    Defendant AMAZON LOGISTICS regularly conducts business in New Mexico, including, but not limited to regular truck routes, shipment routes, maintaining warehouse and fulfillment centers and movement of cargo within New Mexico on public roadways using both owned and non-owned equipment including truck-tractors and trailers.

16.    Defendant RYDER TRUCK RENTAL INC. (herein "Defendant RYDER"), is a Florida corporation doing business in the State of New Mexico. Defendant RYDER has been served with process and has entered an appearance in this matter. A copy of this amended complaint can be served on Defendant RYDER via its counsel of record. Defendant RYDER is registered as a motor carrier common carrier and motor carrier contract carrier with the Department of Transportation,

Federal Motor Carrier Safety Administration under USDOT # 16130.

17.    This Court has personal and subject matter jurisdiction as to Plaintiffs' claims against Defendants AMAZON INC, Defendant AMAZON SERVICES, Defendant AMAZON LOGISTICS, and Defendant RYDER pursuant to 28 U.S.C. §1332.

## FACTUAL ALLEGATIONS

18.    The injuries and damages suffered by Plaintiffs and made the basis of this action arose out of an occurrence on or about October 29, 2022, in Quay County, New Mexico.

19.    At such time and place, Plaintiffs ERVIN BURTON and RASHEEM CARTER were at a stop on the side of the road on the westbound lane of US Highway 54 awaiting a repair truck to fix a blown tire.  Defendant RYDER was the owner of the tractor and Defendants AMAZON INC, AMAZON SERVICES and AMAZON LOGISTICS (herein, collectively, the "Amazon Defendants") were the owners of the trailer which ROLDAN was driving westbound on US 54, transporting goods in the United States for the Amazon Defendants. Defendant ROLDAN, who was in the course and scope of his employment with Defendant UZGLOBAL and/or the AMAZON defendants, traveling westbound on US 54, failed to keep a proper lookout and rear-ended Plaintiffs' vehicle. Said collision caused substantial bodily injuries to the person of Plaintiffs RASHEEM CARTER and eventual death to the person of ERVIN BURTON, Deceased.

20.    As part of the strategy to vertically integrate and dominate domestic transport, the Amazon Defendants created and continue to build and expand a logistics network to transport goods from manufacturers and retailers and warehouses to their fulfillment centers and to the customers' doorsteps under the retail program known as "Fulfillment by Amazon" whereby the Amazon Defendants assume the full right to control product handling and the transport of goods sold through Amazon Prime on behalf of retailers and manufacturers of products.

21.    When a retail customer orders a product, the Amazon Defendants utilize a combination of owned and branded "Prime" equipment, including trucks, truck-tractors and trailers. In addition to transporting cargo using its owned equipment, the Amazon Defendants developed an extensive network of non-owned equipment and equipment operators through arrangements with other parties who may not be directly employed by the Amazon Defendants.

22.    The Amazon Defendants routinely accepted tenders (offers) of the cargo and legally bound the Amazon Defendants to transport the cargo using this network described above.

23.    For the trip at issue, the Amazon Defendants permitted, allowed, and entrusted a driver to use and operate equipment the Amazon Defendants controlled, including the Defendant Amazon Logistics, Inc.'s owned, leased or controlled "Prime" trailer at issue. Defendant ROLDAN was a permissive user of this equipment and trailer for which the Amazon Defendants permitted Defendant ROLDAN to use and operate this equipment.

24.    On information and belief, Defendant Amazon Logistics, Inc. is a wholly owned subsidiary of Amazon.com, Inc.

25.    The Amazon logistics network is managed and controlled by Defendant Amazon Logistics, Inc., a wholly owned subsidiary and alter ego of Amazon.com, Inc.

26.    As part of its strategy, the Amazon Defendants routinely enter arrangements with other parties to deliver cargo and specifically have targeted persons with little or no transportation experience. The purpose of the Amazon Defendants' targeting people with little or no experience in trucking is because those persons are more likely to perform transportation services at lower than market rates, which serves the purpose of eliminating or reducing competition in the transportation services industry by undercutting prevailing transportation rates. The Amazon Defendants, directly through advertising, represent to the targeted persons they can earn

"$300,000 per year" hauling cargo for the Amazon Defendants, which is based on misleading data and unrealistic assumptions.

27.    The practical effect of this "race to the bottom" is to disincentivize competent, safe drivers and motor carriers to transport cargo at the rates the Amazon Defendants are willing to pay.

28.    The Amazon Defendants use programs to ensure packages are delivered rapidly, with emphasis that packages must be delivered precisely when the Amazon Defendants promised the end customer. Often, the schedule the Amazon Defendants create for delivery times is unrealistic for drivers to safely deliver the packages and increases the risk of drivers operating commercial motor vehicles while fatigued or distracted such that the drivers' continued operation of commercial motor vehicles is unsafe and increases the risk of harm to the motoring public.

29.    If the drivers do not meet the on-time delivery expectations, the Amazon Defendants through their arrangements with those drivers and other carriers, retain the right to penalize the drivers for their failure to do so and closely tracks and monitors metrics through various software applications ("apps").

30.    Motor carriers and truck drivers can join the Amazon Defendants' network by applying to "partner with Amazon" to haul cargo. All that is needed is equipment, insurance, motor carrier authority and not to have an "unsatisfactory" rating from the Federal Motor Carrier Safety Administration.

31.    Amazon.com, Inc., through Amazon Logistics, exerts control over the details of the work done by motor carriers and drivers using a variety of tools, including internal compliance teams and a third-party compliance monitoring service, to continually monitor motor carrier compliance with their policies and to make sure the companies deliver goods on time.

32.    On information and belief, most drivers and/or motor carriers that "partner with Amazon" are newly formed trucking companies and are "unrated" with the Federal Motor Carrier Safety Administration. An "unrated" motor carrier is a motor carrier that has not yet undergone a compliance review with the Federal Motor Carrier Safety Administration. The application process to obtain motor carrier authority with the Federal Motor Carrier Safety Administration only requires the applicant certify on Section Four (4) of Form OP-1 that he or she "has access to and is familiar with all applicable USDOT regulations relating to safe operation of commercial motor vehicles…and will comply with these regulations."

33.    At the time motor carrier authority is granted to applicants, there often has been no verification by the Federal Motor Carrier Safety Administration - or any other third party - that the motor carriers do have adequate policies and procedures in place to prevent the risks associated with unsafe and fatigued driving, among other risks. As a result, under industry custom and practice, reasonably safe entities who utilize other companies to haul cargo on their behalf independently investigate the adequacy of such policies and procedures when considering whether to hire those other companies and drivers. The Amazon Defendants have no such policy to do so.

34.    The Amazon Defendants utilize an App called "Amazon Relay" which is similar to a "load board" where "partners" can log in and view loads available for transit in Amazon provided trailers.

35.    The assignments on the Load Board are preset by the Amazon Defendants to include details such as the departure time and location for the trip, arrival, and departure time of each stop along the way, and the required arrival time at the destination.

36.    Some cargo loads involve "drop and hook" operations, that involve connecting the truck

to a preloaded Amazon trailer (Amazon trailers are marked with the "AZNG" code) at the warehouse pickup location to deliver to the destination, while others involve motor carriers or drivers supplying their own trailers.

37.    The payment amount by the Amazon Defendants for loads listed on their load board is non-negotiable and generally is preset for each assignment.

38.    Once a motor carrier or driver books an assignment, the carrier must then assign a driver through the Amazon Relay app (or similar app) which then appears on the driver's Amazon Relay phone app or similar app.

39.    Through the Amazon Defendants mobile-based Relay app for iOS and Android devices, drivers can view and manage load status, report delays, and use commercial navigation provided through the Amazon Relay app or similar app.

40.    The Amazon Defendants are liable (vicariously and otherwise) for the acts of its agent/borrowed servant and statutory employee, Defendants UZGLOBAL and ROLDAN.

41.    The Amazon Defendants had an independent, non-delegable duty to exercise due diligence to ensure that its chosen motor carriers, agents, joint venturers, drivers and vehicles that delivered the Amazon Defendants' goods under the Amazon Defendants' 5-Star Coast-to-Coast delivery program in interstate commerce throughout the United States were reasonably safe, competent and complied with all laws, regulations and industry standards concerning the safe operation of commercial motor vehicles.

42.    It is standard in the industry for reasonable companies that regularly ship goods in interstate commerce to, at a minimum, periodically check the Safety Measurement System CSA details of the motor carriers they choose to deliver their goods in order to identify and further investigate any safety concerns.  In the alternative, it is reasonable for companies that regularly ship goods in

interstate commerce to utilize a third party service to perform these due diligence checks of a motor carrier's safety performance and information, to review the motor carrier's SMS scores, serious violations and alerts, to review the FMCSA operating authority status and insurance requirements, and to obtain any safety policies from and follow up on any safety concerns with the motor carrier.

43.    Upon information and belief, the Amazon Defendants failed in the above-mentioned duties and were therefore actively negligent, careless and/or acted with reckless disregard in one or more of, but not limited to, the following ways:

a.    Prior to hiring, selecting, or otherwise contracting with Defendant UZGLOBAL, failing to conduct reasonable due diligence, or to retain a competent third party to conduct due diligence, into the safety record, SMS scores, serious FMCSR violations and other data readily available in regard to its motor carriers, including Defendant UZGLOBAL.

b.    By negligently, recklessly or with careless disregard for the safety of the driving public, hiring, selecting, contracting or otherwise engaging Defendants UZGLOBAL and ROLDAN to transport its goods in interstate commerce in light of information that was known, or should have been, known to the Amazon Defendants;

c.    By negligently hiring, selecting, contracting or otherwise engaging motor carriers including Defendant UZGLOBAL that failed to hire and retain only qualified and safe professional truck drivers and motor carriers;

d.    By negligently hiring, selecting, contracting or otherwise engaging motor carriers and truck drivers, including Defendant UZGLOBAL and ROLDAN, that failed to properly maintain their delivery trucks in good repair;

e.  By negligently, recklessly or with careless disregard for the safety of the driving public hiring and/or retaining Defendants UZGLOBAL and ROLDAN in light of information that was, or should have been, known to these Defendants; and/or

f.  By failing, before hiring, selecting, or otherwise, to conduct any due diligence or to exercise reasonable care after contracting with Defendant UZGLOBAL to verify that Defendants UZGLOBAL  and ROLDAN were reasonably safe and abided by all laws, regulations and industry standards concerning the safe operation of commercial motor vehicles.

g.  In addition, especially as a sophisticated and knowledgeable motor carrier, joint venturer, broker, shipper and or freight forwarder, the Amazon Defendants knew, or should have known, of the facts and indications referenced herein and of Defendants UZGLOBAL and ROLDAN's unfitness to operate commercial motor vehicles safely and comply with the duties of a motor carrier.

44.  Defendants AMAZON INC, AMAZON SERVICES, LOGISTICS, UZGLOBAL and ROLDAN are covered entities under the relevant Insurance policy because the Amazon trailer was connected to a "vehicle."

45.  Defendants UZGLOBAL and ROLDAN are agents of the Amazon Defendants.

## COUNT I: HIGH DEGREE OF CARE

46.  Plaintiffs incorporate by reference the allegations of the previous paragraphs of this complaint as if fully set forth herein in their entirety.

47.  Defendants UZGLOBAL and/or AMAZON defendants are common carriers who owed high degree of care to Plaintiffs. Defendant UZGLOBAL and/or the AMAZON defendants breached their duty to Plaintiffs which was a proximate cause of the occurrence.

## COUNT II: NEGLIGENCE PER SE

48.    Plaintiffs incorporate by reference the allegations of the previous paragraphs of this complaint as if fully set forth herein in their entirety.

49.    Said collision and Plaintiffs' damages were proximately caused by Defendants' negligence and negligence *per se.* Plaintiffs were within the protected class of people for the following statutes:

      a. NM Stat § 66-7-301(B)(1) (drivers to control speed as necessary to avoid colliding with a vehicle on the highway)

      b. NM Stat § 66-7-310(A) (drivers of overtaking vehicles shall pass to the left at a safe distance)

50.    Defendants' violation of said statutes caused damage to the Plaintiffs.

## COUNT III: VICARIOUS LIABILITY

51.    Plaintiffs incorporate by reference the allegations of the previous paragraphs of this complaint as if fully set forth herein in their entirety.

52.    UZGLOBAL, ROLDAN, AMAZON INC, AMAZON SERVICES, AMAZON LOGISTICS and RYDER, as motor carriers, drivers, and logistics brokers, are each vicariously liable for the torts and negligence of the other and tort liability against one is imputed to the other.

53.    At all times material hereto, UZGLOBAL, ROLDAN, AMAZON INC, AMAZON SERVICES, AMAZON LOGISTICS and RYDER were in a joint venture and/or partnership for various projects and activities. In the course and scope of the business of the joint venture/partnership, UZGLOBAL, ROLDAN, AMAZON INC, AMAZON SERVICES, AMAZON LOGISTICS and RYDER committed acts of negligence that directly and proximately caused injury to Ms. Carter and Mr. Burton's fatal injuries. The negligence of each is imputed to the other, and UZGLOBAL, ROLDAN, AMAZON INC, AMAZON SERVICES, AMAZON

LOGISTICS and RYDER are collectively liable in this case for all wrongful death and survival damages allowed by law for the death of Mr. Burton.

54.     Plaintiffs will show that Defendants UZGLOBAL, ROLDAN, AMAZON INC, AMAZON SERVICES, AMAZON LOGISTICS and RYDER are liable for the damages and injuries which were caused by the negligence of Defendants, their employees, drivers, agents and representatives.

55.     Defendants UZGLOBAL, ROLDAN, AMAZON INC, AMAZON SERVICES, AMAZON LOGISTICS and RYDER are liable for the acts or omissions of their employees, drivers, and agents, and any person over whom Defendants retained control. Defendants UZGLOBAL, ROLDAN, AMAZON INC, AMAZON SERVICES, AMAZON LOGISTICS and RYDER had control over the manner, methods and procedures that the employees, drivers, agents, and representatives used in carrying out assigned duties.

## COUNT IV: JOINT VENTURE

56.     Plaintiffs incorporate by reference the allegations of the previous paragraphs of this complaint as if fully set forth herein in their entirety.

57.     UZGLOBAL, AMAZON INC, AMAZON SERVICES, AMAZON LOGISTICS AND ROLDAN are each vicariously liable for the torts and negligence of the other and tort liability against one is imputed to the other.

58.     At all times material hereto, UZGLOBAL, AMAZON INC, AMAZON SERVICES, AMAZON LOGISTICS AND ROLDAN were in a joint venture and/or partnership for various projects and activities. In the course and scope of the business of the joint venture/partnership, UZGLOBAL, AMAZON INC, AMAZON SERVICES, AMAZON LOGISTICS AND ROLDAN committed acts of negligence that directly and proximately caused Ms. Carter's injuries and Mr. Burton' fatal injuries. The negligence of each is imputed to the other, and UZGLOBAL,

AMAZON INC, AMAZON SERVICES, AMAZON LOGISTICS AND ROLDAN are collectively liable in this case for all wrongful death and survival damages allowed by law for the death of Mr. Burton.

59.    Defendants UZGLOBAL, AMAZON INC, AMAZON SERVICES, and AMAZON LOGISTICS are responsible for the negligence by *respondeat superior* and/or principal/agent.

## COUNT V: PRODUCTS LIABILITY

60.    Plaintiffs incorporate by reference the allegations of the previous paragraphs of this complaint as if fully set forth herein in their entirety.

61.    Defendants AMAZON INC, AMAZON SERVICES and AMAZON LOGISTICS are liable for harm caused to Plaintiffs.

62.    Defendants AMAZON INC, AMAZON SERVICES and LOGISTICS require the use of their app for all drivers which creates an unreasonably dangerous condition as used.  Defendants AMAZON INC, AMAZON SERVICES and AMAZON LOGISTICS were a producing cause of the complained of occurrence and severe injuries sustained by Plaintiffs in the occurrence made the basis of this suit.

63.    Defendants AMAZON INC, AMAZON SERVICES and AMAZON LOGISTICS issued no warnings or instructions to potential users regarding such dangers, or in the alternative, any warnings issued were inadequate.

64.    Defendants AMAZON INC, AMAZON SERVICES and AMAZON LOGISTICS are strictly liable in tort and Plaintiffs are claimants and hereby bring a products liability action, and hereby invoke and assert the liability of Defendants AMAZON INC, AMAZON SERVICES and AMAZON LOGISTICS under the doctrines of strict tort liability, strict product liability, negligence and negligence per se.

## COUNT VI: NEGLIGENCE OF ROLDAN

65.    Plaintiffs incorporate by reference the allegations of the previous paragraphs of this complaint as if fully set forth herein in their entirety.

66.    Alternatively, and without waiving the foregoing, said collision and Plaintiffs' damages were proximately caused as a result of the negligence of Defendant ROLDAN. Defendant ROLDAN was negligent by breaching his duty of care to Plaintiffs ERVIN BURTON, Deceased, and RASHEEM CARTER in one or more of the following alternative theories of negligence:

1.    Failure to keep a proper lookout.

2.    Failure to control speed.

3.    Failure to safely apply brakes to avoid a collision;

4.    Failure to turn to the left or right to avoid a collision;

5.    Failure to honk and give adequate warning of the impending danger;

6.    Failure to use due care in operating a motor vehicle.

7.    Failure to pay attention;

8.    Failure to safely operate a commercial vehicle;

9.    Failure to use due care and caution under the circumstances then existing;

10.    Operating a commercial motor vehicle while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him to begin or continue to operate the commercial motor vehicle. (FMCSR § 392.3),

11.    Driving while distracted;

12.    Driving unsafely for road and weather conditions;

13.    Failing to warn of imminent danger;

14.    Other violations of the FMSCR and DOT regulations and CDL guidelines.

15.    Other acts of negligence.

67.    Each of which acts or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts or omissions was a proximate cause of Plaintiffs' injuries and damages.

**COUNT VII: NEGLIGENCE OF UZGLOBAL, AMAZON INC, AMAZON SERVICES, LOGISTICS and RYDER.**

68.    Plaintiffs incorporate by reference the allegations of the previous paragraphs of this complaint as if fully set forth herein in their entirety.

69.    Alternatively, and without waiving the foregoing, said collision and Plaintiffs' damages were proximately caused as a result of the negligence of Defendants UZGLOBAL, AMAZON INC, AMAZON SERVICES, AMAZON LOGISTICS and RYDER.  Plaintiffs allege that the collision and Plaintiffs' damages were proximately caused by one or more of the following alternative theories of negligence on the part of Defendants UZGLOBAL, AMAZON INC, AMAZON SERVICES, AMAZON LOGISTICS and RYDER.

1.    Requiring or permitting a driver to operate a commercial motor vehicle while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle. (FMCSR § 392.3);

2.    Violating FMCSA Regulations;

3.    Unsafe condition of the vehicle;

4.    Failure to inspect;

5.    Failure to properly educate, instruct and supervise ROLDAN in the performance of his duties;

6.    Failing to have proper and safe equipment;

7.    Failing to adequately train, educate, or provide instructions and orders to persons;

8.    Failing to provide proper safety manuals and instructions to employees responsible for safety;

9.      Failure to provide adequate means of communication to enable its employees to inquire or obtain guidance from their employer on how to safely perform their job;

10.     Failure to comply with the Federal Motor Carrier Safety Regulations (FMCSR);

11.     Failing to ensure that only medically qualified drivers are operating the commercial motor vehicle in interstate commerce (FMCSR § 391.41);

12.     Failing to require observance of driver regulations. (FMCSR § 390.11);

13.     Failing to have a co-driver;

14.     Failure to establish and enforce safety rules and regulations;

15.     Failure to safely educate, instruct and supervise in the performance of employee's duties;

16.     Failing to supervise;

17.     Failing to establish and enforce a fatigue management program;

18.     Other violations of the FMSCR and DOT regulations and CDL guidelines;

19.     Other acts of negligence.

70.     As a direct and proximate result of the negligence of UZGLOBAL, AMAZON INC, AMAZON SERVICES, AMAZON LOGISTICS and RYDER and their agents or employee(s) acting within the course and scope of employment, Mr. Burton suffered fatal injuries and Ms. Carter was severely injured. UZGLOBAL, AMAZON INC, AMAZON SERVICES, AMAZON LOGISTICS and RYDER are liable in this case for all wrongful death and survival damages allowed by law for the death of Mr. Burton and for injuries to Ms. Carter.

71.     Defendants AMAZON INC, AMAZON SERVICES, and AMAZON LOGISTICS are further negligent in entrusting cargo to UZGLOBAL and ROLDAN, whose negligence was proximate causes of the collision that resulted in Mr. Burton's death and injuries to Ms. Carter. AMAZON INC, AMAZON SERVICES, and AMAZON LOGISTICS knew or should have

known that UZGLOBAL and ROLDAN were unqualified, incompetent, or reckless in their operation of commercial motor vehicles and/or operations as a motor carrier.

72.     AMAZON INC, AMAZON SERVICES, and AMAZON LOGISTICS are also negligent in failing to use ordinary care in hiring, training, supervising, and retaining UZGLOBAL and ROLDAN in connection with their operation of a commercial motor vehicle and transportation of AMAZON INC, AMAZON SERVICES, AMAZON LOGISTICS and RYDER's equipment. These failures constitute a breach in the applicable standard of care and were a direct and proximate cause of the death of Mr. Burton and injuries to Ms. Carter.

73.     At all relevant times, AMAZON INC, AMAZON SERVICES, and AMAZON LOGISTICS was a motor carrier as defined by the FMCSRs and was subject to the FMCSRs and New Mexico's trucking safety regulations. As a motor carrier, the Amazon Defendants had certain duties and responsibilities as defined by New Mexico law, the FMCSRs, and industry standards, including the duty to properly qualify ROLDAN, the duty to ensure ROLDAN, a statutory employee, and employees were properly trained, and the duty to otherwise establish and implement necessary management controls and systems for the safe loading of equipment and safe operation of commercial motor vehicles. AMAZON INC, AMAZON SERVICES, and AMAZON LOGISTICS knew their responsibilities involved with loading, shipping, and transporting their equipment. Nevertheless, AMAZON INC, AMAZON SERVICES, and AMAZON LOGISTICS' conduct in the events in question constitutes a breach of the applicable standard of care and were a direct and proximate cause of the death of Mr. Burton and injuries to Ms. Carter.

74.     Each of which acts or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts or omissions was a proximate cause of Plaintiffs' injuries and damages.

## DAMAGES OF ERVIN BURTON'S ESTATE

75.         Plaintiffs would show that as a proximate result of the negligence of Defendants,

ERVIN BURTON, JR. and his estate were severely damaged.  ERVIN BURTON, JR., Decedent,

suffered injuries to his body prior to his death for which Defendants are liable.  Plaintiff ERVIN

BURTON, JR. and his estate suffered damages, including, but not limited to:

       (a)    Conscious pain, suffering and excruciating physical agony prior to death;
       (b)    Medical, hospital and nursing expenses;
       (c)    Funeral expenses; and
       (d)    Other damages.

By reason of the foregoing, Plaintiff ERVIN BURTON, JR. and his estate have been

damaged in an amount within the jurisdictional limits of the Court.

## RASHEEM CARTER'S DAMAGES

76.         As a direct and proximate result of the acts and omissions of Defendants, Plaintiff

RASHEEM CARTER has sustained injuries and damages as a result of the collision, but not

limited to the following:

       (a)    Loss of earning capacity;

       (b)    Loss of household services.
       (c)    Impairment;

       (d)    Disfigurement;

       (e)    Mental anguish;

       (f)    Economic damages and losses including medical expenses;

       (g)    Past and future medical and counseling expenses;

       (h)    Pain and suffering and emotional distress;

       (i)    Mental anguish and injured feelings; and

       (j)    Other damages.

Further, Plaintiff RASHEEM CARTER has suffered severe emotional distress as a result of being a bystander to the occurrence.

**DAMAGES OF ERVIN BURTON, SR.**

77.       Plaintiff ERVIN BURTON, SR. has sustained injury and damages as a result of the wrongful death of his son, ERVIN BURTON, including but not limited to the following:

(a)    Pecuniary loss, including the loss of the care, maintenance, support, services, advice, counsel, guidance and reasonable contributions of pecuniary value;

(b)    Loss of inheritance, gifts, benefits, and other valuable gratuities;

(c)    Loss of household services;

(d)    Mental anguish'

(e)    Loss of his son's love, affection, advice, counsel, care, comfort, consortium, protection, services, attention, society and companionship; consortium, protection, services, attention, society and companionship;

(f)    Economic damages and losses including medical expense;

(g)    Past and future medical and counseling expenses;

(h)    Pain and suffering and emotional distress;

(i)    Mental anguish and injured feelings;

(j)    Funeral and burial expenses;
(k)    Hedonic damages; and

(l)    Other damages.

**EXEMPLARY DAMAGES**

78.       Plaintiffs would show that the acts and omission of Defendants were in heedless and reckless disregard for the rights and safety of Plaintiffs and showed actual conscious indifference and conscious disregard for the rights and safety of Plaintiffs so as to constitute willful, wanton, reckless and malicious conduct being a proximate cause of the occurrence and the

resulting damages and injuries sustained by Plaintiffs and for which Defendants are therefore subject to the imposition of exemplary damages.

## TWELVE-PERSON JURY DEMAND

Plaintiffs hereby respectfully request a trial by a twelve-person jury for all issues and damages.  The required jury fee, if any, is tendered with the filing of this complaint.

WHEREFORE, Plaintiffs pray that Defendants be cited to appear and answer, and that on final trial, Plaintiffs have judgment against Defendants for all relief requested, for costs, pre-judgment and post judgment interest and for such other relief, general and special, at law or in equity, to which Plaintiffs are entitled.

Respectfully submitted,

**SCHERR LAW FIRM, PLLC**
Attorney for Plaintiffs
521 Texas Ave.
El Paso, Texas 79901
(915) 881-4111 / (915) 881-4119 Facsimile
mscherr@scherrlawfirm.com

And

**DUNK LAW FIRM, PLLC**
Attorney for Plaintiffs
717 Franklin St.
Houston, TX 77002
(713) 223-1435 / (888) 407-2520 Facsimile
bsanchez@dunklawyers.com

By:     _/s/ Brenna L. Sanchez_____
Brenna L. Sanchez     Bar ID 23-402
TX Bar No. 24068039
*Attorney for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing was served on all counsel of record via CM/ECF Filing system on February 27, 2025.

Kevin D. Homiak // Rebekah Nickel
Wheeler Trigg O'Donnell, LLP
370 Seventeeth Street, Ste 4500
Denver, CO 80202-5647
(303) 244-1800
homiak@wtotrial.com
nickel@wtotrial.com
*Attorneys for Amazon Defendants*

Jeffrey M. Croasdell // Lauren T. Winston
Rodey, Dickason, Sloan, Akin & Robb, P.A.
P.O. Box 1888
Albuquerque, NM 87103-1888
(505) 765-5900
jcroasdell@rodey.com
lwinston@rodey.com
*Attorneys for Ryder Truck Rental Inc.,*
*UZGlobal LLC dba Fastplus Cargo and*
*Osmany Hanna Roldan*

 */s/ Brenna L Sanchez*
Brenna L Sanchez.