IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RASHEEM CARTER, PETER WIRTH on
behalf of the estate of Ervin Burton, deceased, and
ERVIN BURTON, SR.,**

    **Plaintiffs,**

v.                                                                                      No. 1:23-cv-01013-MV-JHR

**UZGLOBAL LLC d/b/a FASTPLUS CARGO,
OSMANY HANNA ROLDAN,
AMAZON.COM INC.,
AMAZON.COM SERVICES, LLC,
AMAZON LOGISTICS, INC. d/b/a PRIME,
and RYDER TRUCK RENTAL INC.,**

    **Defendants.**

## **ORDER TO SHOW CAUSE**

THIS MATTER is before the Court following the status conference held on June 18, 2025. [Doc. 98 text only]. At the conference, the parties alerted the Court that Plaintiffs' Response to Defendant Amazon.com, Inc.'s Motion for Protective Order and Alternative Motion for Sharing Provision [Doc. 85] ("response brief") and their now-withdrawn motions to compel [Docs. 91–93] contained incorrect citations including at least one citation to a case that does not exist. Plaintiffs informed the Court this appeared to have been the result of an associate attorney, now terminated, using an artificial intelligence program to generate text for their filings. Defendants requested that the Court conduct a broader review of the circumstances surrounding the briefing, the cause of the fabricated citations, and potential remedies. The Court has reviewed the response brief and identified at least four cases that appear non-existent:

1

- *Archer v. West Electric Co.*, 110 F.R.D. 704 (D. Colo. 1986) [Doc. 85, at 3].[1]

- *Huddleson v. United States*, 627 F.3d 1083 (10th Cir. 2010) [Doc. 85, at 3].

- *McNeil v. United States*, 508 F.3d 674 (10th Cir. 2007) [Doc. 85, at 4].

- *Harris v. United States*, 204 F.R.D. 560 (D. Colo. 2001) [Doc. 85, at 5].

The signing attorney to any brief certifies that the legal contentions contained therein "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). A breach of that obligation is sanctionable, and the Court may "order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). This Court and many others have recognized that the submission of briefing containing non-existent cases violates Rule 11. *Dehghani v. Castro*, No. 25-cv-00052, 2025 WL 988009, at *4 (D.N.M. Apr. 2, 2025); *Wadsworth v. Walmart Inc.*, 348 F.R.D. 489, 495 (D. Wyo. 2025); *Mid Cent. Operating Eng'rs Health & Welfare Fund v. HoosierVac LLC*, No. 24-cv-00326, 2025 WL 574234, at *2 (S.D. Ind. Feb. 21, 2025); *Gauthier v. Goodyear Tire & Rubber Co.*, No. 23-cv-00281, 2024 WL 4882651, at *3 (E.D. Tex. Nov. 25, 2024).

Chief District Judge Kenneth J. Gonzales recently cautioned the Bar that parties who have used artificially generated non-existent cases may face sanctions in order "to maintain and enforce high standards of conduct, to uphold the integrity of the Court, and to maintain the public confidence in the judiciary."[2] To that end, the Court ORDERS Plaintiffs to provide the following

---

[1] As the case is cited "*Archer v. West Elec. Co.*," it is unclear if the full name contains "electric," "electrical," "electricity," or "electronic." The Bluebook, a Uniform System of Citation 305 tbl.T.6 (Columbia L. Rev. Ass'n et al. eds., 21st ed. 2020). However, the Court did not find a case corresponding to any iteration.

[2] Bulletin by Chief United States District Judge Kenneth J. Gonzales on Use of Artificial Intelligence in the United States District Court for the District of New Mexico (May 9, 2025), https://www.nmd.uscourts.gov/sites/nmd/files/Bulletin_Artificial%20Intelligence_KG%20May%202025.pdf.

2

in writing delivered to ritterchambers@nmd.uscourts.gov and simultaneously served by email upon opposing counsel:

- PDF versions of each cited source in the response brief and withdrawn motions to compel [Docs. 85, 91–93], and identification of each source which could not be located as cited, and

- Detailed explanation of the actions of each attorney involved in the researching, drafting, editing, and submitting of the briefing in question [Docs. 85, 91–93], and

- Detailed explanation of how Plaintiffs' counsel became aware that their briefing contained problematic citations and the actions they took subsequently, and

- Identification of any other documents submitted by Plaintiffs in this case which may contain artificially generated citations, and

- A written response to this order showing cause, if any there be, why Plaintiffs' counsel should not be sanctioned for violation of Rule 11(b).

Plaintiffs shall comply with these orders within **ten (10) days**. Upon service by Plaintiffs, Defendants may submit responses addressing the same and any consequential prejudice suffered by them within **seven (7) days**.

    IT IS SO ORDERED.

                                                                          Hon. Jerry H. Ritter
                                                                          United States Magistrate Judge