IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RASHEEM CARTER, PETER WIRTH on behalf
of the Estate of Ervin Burton, deceased, and
ERVIN BURTON SR.,**

  **Plaintiffs,**

v.     No. 1:23-cv-01013-MV-JHR

**UZGLOBAL LLC d/b/a FASTPLUS CARGO,
OSMANY HANNA ROLDAN,
AMAZON.COM INC.,
AMAZON.COM SERVICES, LLC,
AMAZON LOGISTICS, INC. d/b/a PRIME, and
RYDER TRUCK RENTAL, INC.**

  **Defendants.**

## MEMORANDUM OPINION AND ORDER GRANTING AMAZON DEFENDANTS' MOTION FOR PROTECTIVE ORDER [DOC. 77]

  THIS MATTER comes before the Court on Defendants Amazon.com Inc., Amazon.com Services, LLC, and Amazon Logistics, Inc.'s ("Amazon") Motion for Protective Order [Doc. 77]. Plaintiffs filed a response in opposition, [Doc. 85], and Defendants Osmany Roldan, UZGlobal LLC, and Ryder Truck Rental, Inc. did not take a position. Amazon filed a reply [Doc. 86]. Plaintiffs filed a motion to amend their response. [Doc. 97]. The Court granted the motion on October 6, 2025, and Plaintiffs filed their amended response on October 7, 2025. [Doc. 135]. The Court has reviewed the briefing, case record, and applicable law. The Court GRANTS Amazon's motion for a protective order.

    **I. PROCEDURAL BACKGROUND**

  This suit is a negligence action concerning a fatal car crash. [Doc. 72]. On October 29, 2022, Ervin Burton Jr. and Rasheem Carter blew a tire while driving and stopped in their car on

1

the side of a road in Quay County, New Mexico, to wait for a repair truck. *Id.* at 5. Plaintiffs allege Roldan, an employee of UZGlobal driving a truck owned by Ryder Truck Rental attached to a tractor trailer owned by Amazon, negligently collided with Carter and Burton's vehicle. *Id.* The crash seriously injured Carter and killed Burton Jr. *Id.* Plaintiffs allege Amazon had entrusted the other Defendants with its cargo and assumed legal liability for their conduct as part of its "Fulfillment by Amazon" program. *Id.* Amazon's program allegedly breached multiple duties of care to cut costs and meet short delivery windows. *Id.* at 6–10. On March 17, 2025, Amazon filed its motion for a protective order [Doc. 77].

## II.    BRIEFING SUMMARY

Amazon seeks a blanket protective order to preclude public dissemination of its private "trade secrets, internal technology, business model, and training." [Doc. 77, at 1]. Amazon notes that Plaintiffs initially did not oppose a protective order but differed on its provisions in three material aspects: (1) whether the order should include a "sharing provision" to allow Plaintiffs to share discovery with any attorney involved in substantially similar litigation; (2) the inclusion of an attorneys' eyes only ("AEO") provision for more sensitive material; and (3) procedures for confidentiality designations and filing under seal. *Id.* at 5. Amazon argues there is good cause for a protective order with an AEO provision to prevent the disclosure of private delivery procedures, third-party contracts, and "protected formulas and unique business data from Amazon's proprietary technology" which, if publicly disseminated, could cause it significant competitive and financial harm. *Id.* at 7–8, 11–12.

Plaintiffs respond that Amazon's stated privacy interests are too broad to justify a protective order. [Doc. 135, at 3–5]. If the Court finds a protective order is appropriate, Plaintiffs request the Court reject an AEO provision and include a sharing provision. *Id.* at 5; [Doc. 135-3,

2

at 6]. Plaintiffs argue a sharing provision is necessary to help them prepare their case, keep Amazon from hiding public hazards created by its practices, and reduce costs, inefficiency, and other discovery abuses. *Id.* at 6–17. Amazon objects that Plaintiffs' request for a sharing provision lacks supporting authority. [Doc. 77, at 9–11]; [Doc. 86, at 5–12].

### III.    APPLICABLE LAW

Courts may issue protective orders against public dissemination of discovery without offending the First Amendment. *Okla. Hosp. Ass'n v. Okla. Pub. Co.*, 748 F.2d 1421, 1424 (10th Cir. 1984) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984)). To obtain a protective order, the movant must demonstrate "good cause" for the court to protect against "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Good cause is a highly flexible standard which entrusts the court with discretion to weigh all relevant considerations. *T.H. v. Martinez*, No. 24-cv-00887, 2025 WL 2611919, at *6 (D.N.M. Sep. 10, 2025) (citing *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008)). However, a movant must show good cause with "particular and specific demonstration of fact." *S2 Automation LLC v. Micron Tech., Inc.*, 283 F.R.D. 671, 680 (D.N.M. 2012) (quotation omitted).

For a business seeking to protect against dissemination of a "trade secret or other confidential research, development, or commercial information" outside of litigation, it must show public disclosure would significantly harm its "competitive and financial position." Fed. R. Civ. P. 26(c)(1)(G); *Prometheus Sols., Inc. v. Coker*, No. 14-cv-00349, 2015 WL 13662596, at *2 (D.N.M. Apr. 1, 2015) (quotation omitted). Protective orders may enter for specifically identified discovery items. *Gillard v. Boulder Valley Sch. Dist. Re-2*, 196 F.R.D. 382, 385–86 (D. Colo. 2000). However, blanket protective orders are common in complex civil litigation to encourage liberal disclosures and limit judicial involvement to active confidentiality disputes. *See S2*

*Automation*, 283 F.R.D. at 682. Under a blanket protective order, parties may place preliminary confidentiality designations on their disclosures until another party challenges the designations. *Id.* at 683 (citation omitted). Then, the burden falls on the designating party to demonstrate each specific designation is valid. *Id.* Movants can demonstrate good cause for a blanket protective orders on a more generalized basis, such as by a risk of harm apparent from the categories of documents at issue. *Gillard*, 196 F.R.D. at 386; *Martinez*, 2025 WL 2611919, at *6. In fashioning protective orders, courts must balance the movant's interest in confidentiality against the other party's need to obtain and review the discovery. *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 326 (10th Cir. 1981).

## IV.  ANALYSIS

The Court finds that Amazon has shown good cause for its proposed blanket protective order and AEO provision. The Court finds that Plaintiffs failed to justify inclusion of a sharing provision. The Court will enter Amazon's proposed protective order subject to modifications discussed below.

A.  **Amazon Has Shown Good Cause for a Protective Order.**

The Court finds Amazon has shown good cause to enter a protective order. Plaintiffs seek disclosure of Amazon's business strategies for its delivery operations, such as its contracts with third-party carriers, training materials, data analysis, and proprietary technology. [Doc. 77, at 7–8]. Amazon argues this information's privacy enables them to maintain a competitive edge in the marketplace. *Id.* at 8–9; [Doc. 86, at 3]. Because Amazon's business model relies heavily on rapid order fulfillment and shipping, this argument is persuasive. *See Martinez*, 2025 WL 2611919, at *6. Likewise, the financial importance of that information justifies Amazon's requested AEO provision for more sensitive material. *DeBeer v. Amazon Logistics, Inc.*, No. 23-cv-00033, 2023

4

WL 11956225, at *3 (D. Wyo. Sep. 20, 2023). While Plaintiffs argue Amazon's showing is too broad, their amended complaint puts the same categories of information at issue. *See* [Doc. 72, at 6–10]. Those categories of information meet the generalized showing of good cause required for a blanket protective order. *Gillard*, 196 F.R.D. at 386.

**B.      Plaintiffs Do Not Justify Their Proposed Sharing Provision.**

Plaintiffs argue for a sharing provision to permit coordination with attorneys engaged in similar litigation on three grounds: (1) the provision will enable them to adequately prepare their case with no prejudice to Amazon, (2) the provision will avoid needlessly duplicative discovery in related cases and serve the public interest, and (3) the provision will keep Amazon from abusing its superior resources and knowledge to frustrate discovery in this case. [Doc. 135, at 5–17]. None of these grounds are persuasive.

Plaintiffs' arguments rest on distinguishable case law where the defendant requesting a protective order could cite no justification other than a hypothetical concern for collateral litigation. *See, e.g.*, *Williams v. Johnson & Johnson*, 50 F.R.D. 31, 32 (S.D.N.Y. 1970); *Patterson v. Ford Motor Co.*, 85 F.R.D. 152, 153 (W.D. Tex. 1980). The courts in those cases concluded such a concern does not implicate the Federal Rules of Civil Procedure generally, let alone Rule 26(c)(1) specifically. *See Patterson*, 85 F.R.D. at 153–54. Furthermore, the same allegedly liable conduct was already the focus of dozens of active lawsuits, meaning a prohibition on sharing discovery would in fact needlessly duplicate the plaintiffs' expenses while the defendants could coordinate inter-jurisdictional defenses. *E.g.*, *Ward v. Ford Motor Co.*, 93 F.R.D. 579–80 (D. Colo. 1982). Therefore, those courts found no justification to diverge from the principle that parties have a right to publicly disseminate discovery material. *See Okla. Hosp. Ass'n*, 748 F.2d at 1424.

In contrast, Amazon requests a protective order here to minimize risk to its competitive and financial position rather than bolster its ability to fight off lawsuits. Furthermore, Plaintiffs point to no active suits involving near identical-fact patterns. A sharing provision would thus accomplish no purpose other than to deprive Amazon of substantial benefit of the protective order. *Shaw v. Shandong Yongsheng Rubber Co.*, No. 18-cv-00867, 2019 WL 5593305, at *2–3 (D. Colo. Oct. 30, 2019).

C.    **The Court Will Adopt Amazon's Proposed Protective Order with Modifications.**

The Court finds that three modifications to Amazon's proposed protective order are appropriate. *See generally Centurion Indus.*, 665 F.2d at 326. First, the Court will amend ¶ 5.i for governing materials which may receive an AEO designation to read: "any other commercially sensitive information . . . the producing party reasonably and in good faith believes would likely cause *significant competitive* harm." *See* [Doc. 77-1, at 5] (emphasis added to show change). This amendment ensures that AEO designations will meet the "strong showing" required to warrant its stricter protections. *Prometheus Sols.*, 2015 WL 13662596, at *2; *see also DeBeer*, 2023 WL 11956225, at *3 (an AEO provision require good cause for the provision itself, not just confidentiality).

Second, the Court will amend ¶ 7.b.2 governing individuals who may review documents which receive a "confidential" designation to read: "*named parties to this Order, and* employees of a party to this Order but only to the extent counsel shall certify that the *specifically named employee's* assistance is necessary to the conduct of the litigation in which the information is disclosed." *See* [Doc. 77-1, at 7] (emphasis added to show change). The Court finds requiring certification for the parties themselves to review confidential documents is too onerous for material not considered sensitive enough to merit an AEO designation.

Third, to protect the parties' First Amendment rights, the Court will add a provision clarifying that the protective order will not cover information obtained outside of discovery. *See Okla. Hosp. Ass'n*, 748 F.2d at 1424.[1] The Court will also make syntax changes to the proposed protective order that do not affect material provisions.

## V.   CONCLUSION

In summary, the Court GRANTS Amazon's Motion for Protective Order [Doc. 77] and will enter a protective order separately with the modifications described above.

IT IS SO ORDERED.

_____
Hon. Jerry H. Ritter
United States Magistrate Judge

---

[1] This amendment moots Plaintiffs' argument that Amazon seeks to make confidential publicly available information. [Doc. 135, at 4].