IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RASHEEM CARTER, PETER WIRTH on behalf
of the Estate of Ervin Burton, deceased, and
ERVIN BURTON SR.,

     Plaintiffs,

v.                              No. 1:23-cv-01013-MV-JHR

UZGLOBAL LLC d/b/a FASTPLUS CARGO,
OSMANY HANNA ROLDAN,
AMAZON.COM INC.,
AMAZON.COM SERVICES, LLC,
AMAZON LOGISTICS, INC. d/b/a PRIME, and
RYDER TRUCK RENTAL, INC.

     Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S AMENDED MOTION TO COMPEL [DOC. 105]

THIS MATTER comes before the Court on Plaintiff Ervin Burton, Sr.'s Amended Motion to Compel Defendant UZGlobal LLC's Responses to the First Set of Requests for Production of Documents. [Doc. 105]. UZGlobal filed a response [Doc. 112] and Burton replied [Doc. 117]. The Court, having reviewed the briefing, case record, and applicable law, GRANTS IN PART and DENIES IN PART Burton's motion to compel.

## I.     PROCEDURAL BACKGROUND

Burton, Rasheem Carter, and Peter Wirth on behalf of the estate of Ervin Burton, Jr. sued Defendants for a car collision on October 29, 2022, that seriously injured Carter and killed Burton Jr. [Doc. 72] (amended complaint). Plaintiffs named UZGlobal a defendant as the employer of Osmany Hanna Roldan, the driver whom Plaintiffs allege negligently failed to "keep a proper lookout" and rear-ended Carter and Burton Jr. *Id.* at 5. Roldan had been driving a truck owned by Ryder Truck Rental attached to a tractor-trailer owned by Amazon. *Id.* Plaintiffs alleged

negligence, vicarious liability, joint venture, and products liability. *Id.* at 11–18. Amazon removed the suit to this Court on November 16, 2023. [Doc. 1]. Plaintiffs moved for remand, and the Court denied the motion on October 24, 2024. [Docs. 13, 43]. The Court entered a scheduling order on December 6, 2024, and the parties began discovery. [Doc. 55]. On June 3, 2025, Burton filed his original motion to compel against UZGlobal. [Doc. 91]. Burton withdrew the motion due to erroneous case citations and filed his amended motion to compel on July 11, 2025. [Doc. 105].

## II.    BRIEFING SUMMARY

UZGlobal objected to Burton's requests for production #15, #17–#21, #31, #33, #36–#37, and #40–#44 based on overbreadth, undue burden, irrelevance, attorney-client privilege, and work product doctrine. *See* [Doc. 105-2]. Burton argues these objections are "perfunctory, qualifying, and rote." [Doc. 105, at 2]. Because all of the requests are relevant on their face, Burton contends UZGlobal failed to satisfy its burden to show the requests go beyond the scope of discovery under Rule 26. *E.g.*, *id.* at 6–7, 10, 16. Similarly, Burton argues the attorney-client privilege and work product doctrine objections are non-specific and lack a corresponding privilege log. *E.g.*, *id.* at 4–5.

UZGlobal responds that its objections are sufficient due to the facially invalid requests propounded by Burton. [Doc. 112, at 3–4]. UZGlobal also specifically objects to many of the requests' lack of temporal scope. *E.g.*, *id.* at 8–9. With respect to its privilege objections, UZGlobal asserts that it does not have to describe what material it withheld because it identified and produced all responsive documents for which it had no privilege claims. *E.g.*, *id.* at 8. Burton replies that Rule 26 demands UZGlobal produce a privilege log and that his requests already have implicitly narrow temporal and subject-matter scopes. [Doc. 117, at 2–5].

## III.    APPLICABLE LAW

A.        **Rule 26's Scope of Discovery.**

Discoverable material includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Factors include the importance of the issues at stake, the importance of the sought material to resolving those issues, the amount in controversy, the parties' resources and relative access to information, and the burden of producing the sought material compared to its likely benefit. *Id.* Courts enjoy considerable discretion to balance these factors when permitting, limiting, or denying discovery. *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995). The scope of discovery is presumptively broad: material that has any possible relevance to a claim or defense, even if the material itself is not admissible in evidence, may be discoverable. *Sugar v. Tackett*, No. 20-cv-00331, 2021 WL 5769463, at *4 (D.N.M. Dec. 6, 2021) (quotation omitted).

The liberal treatment of discovery does not require courts to approve an "unwieldy, burdensome, and speculative fishing expedition." *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010) (interpreting prior iteration of Rule 26(b)). Discovery instead permits "parties to flesh out allegations for which they initially have at least a modicum of objective support." *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 465 (D.N.M. 2018) (quotation omitted). Overbroad discovery requests include those that employ omnibus terms like "concerning" or "relating to" in combination with generalized categories of information. *Moses v. Halstead*, 236 F.R.D. 667, 672 (D. Kan. 2006); *see also Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) (discovery requests must be phrased with "reasonable particularity"). In addition, failure to specify relevant timeframes, subject matter, or locations create overbreadth and undue burden. *See Baylon v. Wells Fargo Bank, N.A.*, No. 12-cv-00052, 2013 WL 12164723, at *3 (D.N.M. Nov. 20, 2013); *see also Coolidge v. United States*, No. 21-cv-00307, 2022 WL 1026947, at *4 (D.N.M. Apr. 6, 2022).

**B.    Objecting to Discovery Requests.**

If a discovery request's relevance is not "readily apparent," the requesting party has the burden to demonstrate relevance. *Cardenas v. Dorel Juv. Grp., Inc.*, 232 F.R.D. 377, 383 (D. Kan. 2005). But if relevance is either apparent or demonstrated by the requesting party, the objecting party has the burden to prove its objection is justified. *See id.* at 382. Objections must be specific and supported; boilerplate statements—that a request is overly broad, unduly burdensome, or privileged without further explanation, for example— improperly "conceal from opposing counsel and the court the actual problem with [the] request." *Smash Tech., LLC v. Smash Sols., LLC*, 335 F.R.D. 438, 447 (D. Utah 2020). Boilerplate objections receive boilerplate overrulings. *AerSale, Inc. v. City of Roswell*, No. 22-cv-00218, 2023 WL 8005213, at *5 (D.N.M. Nov. 17, 2023).

While a party can object to discovery requests in full or in part, it cannot preserve its objections by producing discovery "notwithstanding" or "without waiving" those objections. *Heuskin v. D&E Transp., LLC*, No. 19-cv-00957, 2020 WL 1450575, at *2 (D.N.M. Mar. 25, 2020) (interrogatories); *Wagner Equip. Co. v. Wood*, No. 11-cv-00466, 2012 WL 12862336, at *6 (D.N.M. Nov. 21, 2012) (requests for production). Such objections fail to alert the requesting party or the court to what, if any, responsive material the objecting party withheld. *Smash Tech.*, 335 F.R.D. at 442. A party must either disclose fully or object to the discovery request, withhold requested material based on the objection, and clearly state it has done so by "link[ing] each specific objection to what was withheld." *Id.* Courts may modify improper discovery requests in their discretion. *See* Fed. R. Civ. P. 26(b)(2)(C); *Punt v. Kelly Servs.*, 862 F.3d 1040, 1047 (10th Cir. 2017).

**C.    Requests for Production.**

A party may request to inspect any discoverable documents or electronically stored information that is in another party's possession, custody, or control. Fed. R. Civ. P. 34(a)(1)(A).

4

The request must "describe with reasonable particularity each item or category of items to be inspected." *Id.* 34(b)(1)(A). "Possession, custody, or control" covers all items which a party either has the right, authority, or practical ability to obtain, including from a non-party. *City of Las Cruces v. United States*, No. 17-cv-00809, 2021 WL 330062, at *8 (D.N.M. Feb. 1, 2021); *Landry v. Swire Oilfield Servs., LLC.*, 323 F.R.D. 360, 382 (D.N.M. 2018). Complying with a request for production requires a party to either produce all responsive material or affirmatively state it could not do so despite reasonable efforts. *Zheng v. Walker*, No. 22-cv-00432, 2023 WL 4365441, at *2 (D.N.M. July 6, 2023). The producing party must sufficiently describe those efforts to enable the court to review the diligence of the party's search. *Id.* at *3.

The fact that a request for production seeks material equally available to both parties will not bar discovery. *Lincoln v. Hartford Ins. Co.*, No. 02-cv-00738, 2003 WL 27385328, at *3 (D.N.M. May 12, 2003). However, the court may limit or deny the request as unreasonably burdensome or inconvenient. *Id.*; *Wetzel v. Diestel Turkey Ranch*, No. 20-cv-01213, 2022 WL 16635292, at *8 (D.N.M. Nov. 2, 2022).

## IV.    <u>ANALYSIS</u>

### A.    **UZGlobal's Boilerplate Objections Are Improper.**

Burton argues that UZGlobal improperly relied on boilerplate objections. [Doc. 105, at 2–3]. UZGlobal responds that its objections are proper given Burton's requests are overly broad and unduly burdensome on their face, freeing it of the need to "provide specific, detailed support." [Doc. 112, at 4] (quoting *Baylon*, 2013 WL 12164723, at *3). Regardless, UZGlobal argues its objections did have specific bases that it fleshed out in its briefing. *Id.* at 3.

Some district opinions have taken the position UZGlobal asserts, accepting conclusory objections to facially overbroad discovery requests. *E.g.*, *Allianz Ins. Co. v. Surface Specialties, Inc.*, No. 03-cv-02470, 2005 WL 44534, at *2 (D. Kan. Jan. 7, 2005); *CCPS Transp., LLC v. Sloan*,

No. 12-cv-02602, 2013 WL 2181209, at *3 (D. Kan. May 20, 2013). However, the Court finds UZGlobal's argument conflates the rules for form of objection with the rules for burdens of proof.

Normally, the objecting party carries the burden of proving a discovery request is objectionable. *Dentsply Int'l, Inc. v. Lewis & Roca, LLP*, No. 12-cv-00104, 2013 WL 12246642, at *3 (D.N.M. May 21, 2013); *Whiting v. Ram Motors, LLC*, No. 08-cv-01018, 2009 WL 10699120, at *4 (D.N.M. May 5, 2009). When the relevance of a discovery request is not facially apparent, the burden shifts to the requesting party to justify the request. *Cardenas*, 232 F.R.D. at 383. Based on this framework, the degree of *support* required for a valid objection is considerably less when the discovery request is improper on its face. But shifted burdens do not absolve the objecting party of its duty to state its objections with specificity. *See* Fed. R. Civ. P. 34(b)(2); *Brown v. Kansas City*, No. 20-cv-00920, 2022 WL 15045965, at *3 (W.D. Mo. Oct. 26, 2022). Courts loathe boilerplate objections for their preservation of all possible explanations for an objection without commitment to any in particular. *Smash Tech.*, 335 F.R.D. at 441–42. Thus, even when potential issues with a discovery request are obvious boilerplate objections do nothing to articulate what has actually caused the parties' dispute. The use of object-now, explain-later tactics will always waste judicial time and resources. *See Banks v. Jackson*, No. 20-cv-02074, 2021 WL 3857614, at *2 (D. Colo. Aug. 27, 2021). The Court overrules all UZGlobal's boilerplate objections and considers its specific objections.

**B.    The Court Will Require UZGlobal to Respond to Modified Versions of Requests for Production #17, #18, and #44.**

1.    *Request for production #17: "All rules, regulations and standards (including federal, state, governmental, contractual and company) relating to the vehicle."*

UZGlobal objected to the request's lack of temporal scope but directed Burton to select contractual documents related to the truck. [Doc. 112, at 37]. The Court agrees with UZGlobal that the lack of temporal scope makes the request facially overbroad. The request could apply to dozens

of rules and regulations that were not in effect on the day of the collision. Burton makes no argument for the relevance of inapplicable regulations. In addition, the phrase "relating" to the vehicle in this context could refer to a number of items unrelated to Plaintiffs' central claim: that Defendants are liable for the negligent *operation* of the truck. [Doc. 72, at 5]. However, the Court will in its discretion modify the request. Applicable rules from sources outside of UZGlobal's contract are relevant to negligence, and UZGlobal is better positioned to identify what specific rules it followed for driving the truck it rented from Ryder and Amazon's tractor-trailer.

The Court ORDERS UZGlobal to produce all federal, state, contractual, and company rules, regulations, and standards for the operation of the truck and tractor-trailer driven by Roldan which were in place at the time of the October 29, 2022, collision.

2. *Request for production #18: "All notices, citations, letters, demands, applications, court orders, findings and other tangible items from or to any governmental entity concerning the job, the equipment, DOT notices and safety violations for the vehicle and persons in question.*

UZGlobal objected to the request for lack of temporal scope but supplemented its response to state "to the extent" Burton sought DOT notices and safety violations for the truck and tractor-trailer prior to the collision, it was aware of none. [Doc. 112, at 37]. Burton argues the request is facially relevant because whether UZGlobal had notice of safety issues with either the vehicle or Roldan is material to its liability. [Doc. 105, at 7].

UZGlobal's qualified disclosures are improper given its unsupported boilerplate objection to the rest of the request. *See* [Doc. 112, at 37]. In addition, the Court agrees with Burton that the lack of temporal scope with this request does not create facial overbreadth in light of its limitation to Roldan and the truck and tractor-trailer he drove the night of the collision. However, the Court finds that a request for all "tangible items" related to any form of "safety" violation applies to swaths of potential documents that would have little relevance to whether UZGlobal had notice of

the specific operational safety issues Plaintiffs allege caused the collision. Therefore, the Court ORDERS UZGlobal to produce all notices or citations from any governmental entity concerning the unsafe operation of trucks and tractor-trailers with respect to either Roldan or the truck or tractor-trailer he drove the night of the collision.

3. _Request for production #44: "All contracts, specifications, bids, work orders, invoices, logs, bills of loading, and reports concerning the load Defendant Council was driving at the time of this incident."_

UZGlobal objected to the request on the grounds that the reference to "Defendant Council" is vague and ambiguous. [Doc. 112, at 44]. Burton clarifies that "Defendant Council" was a scrivener's error intended to refer to Roldan. [Doc. 105, at 17]. UZGlobal responds that the request is still overbroad and the Court is under no obligation to correct the error. [Doc. 112, at 13].

The Court finds that the request has facial relevance with a correction of "Council" to "Roldan." The terms and conditions for the loading and operation of the tractor-trailer driven by Roldan are material to Plaintiffs' claims regarding Amazon's practice of incentivizing its shippers to neglect safety measures. [Doc. 72, at 5–7]. Due to that facial relevance, UZGlobal bore the burden of specifying how the request is still overbroad but failed to do so. *See Dentsply Int'l*, 2013 WL 12246642, at *3. The Court ORDERS UZGlobal to produce all contracts, specifications, bids, work orders, invoices, logs, bills of loading, and reports concerning the load Roldan was driving at the time of the incident.

## C. The Court Denies Requests for Production #40–#42.

In requests for production #40–#42, Burton seeks information regarding UZGlobal's insurance policy for Roldan; specifically, all premiums paid on the policy and any communications about the policy. [Doc. 105-2, at 11–12]. Burton argues the information is relevant and discoverable for his punitive damages claim. [Doc. 105, at 14–15]. UZGlobal argues its insurance

policy has no evidentiary value or materiality to the merits of Plaintiffs' suit. [Doc. 112, at 11, 43]. Burton elected not to reply. *See* [Doc. 117].

Generally, discovery into a defendant's financial condition pre-judgment is prohibited. *Philmar Dairy, LLC v. Armstrong Farms*, No. 18-cv-00530, 2019 WL 2006181, at *1 (D.N.M. May 7, 2019). An exception applies to punitive damages claims, to which a defendant's financial means are relevant. *Clement v. Mountain State Logistics*, No. 05-cv-00590, 2006 WL 8443802, at *2 (D.N.M. Aug. 28, 2006); *see Leon v. FedEx Ground Package Sys., Inc.*, 313 F.R.D. 615, 637 (D.N.M. 2016) (federal law); *see also Gonzales v. Sansoy*, 1984-NMCA-133, ¶ 12, 703 P.2d 904, 908 (New Mexico law). A plaintiff may discover a defendant's financial information so long as the punitive damages claim is not spurious, meaning supported by sufficient factual allegations. *Hurtado v. AM Transp. Servs., Inc.*, No. 22-cv-00599, 2025 WL 1475576, at *3 (D.N.M. Apr. 2, 2025).

While Burton does not cite precedent for a court allowing discovery of an insurance policy under the punitive damages exception, such a policy would satisfy the discovery exception's justifications. *See Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 152 (D. Kan. 1990); *see also DeMatteo v. Simon*, 1991-NMCA-027, ¶ 10, 812 P.2d 361, 364. However, Burton does not request information on the currency or policy limits of UZGlobal's insurance. Instead, Burton seeks discovery of UZGlobal's premiums and communications about the insurance. Burton fails to argue the relevance of these requests to UZGlobal's financial condition. [Docs. 105, 117]. Furthermore, the deadline to file dispositive motions with respect to punitive damages has not expired. *See Philmar Dairy*, 2019 WL 2006181, at *3 (discussing justifications for delaying financial discovery). Therefore, the Court DENIES Burton's requests for production #40–#42.

**D.      The Court Overrules UZGlobal's Objections to Requests for Production #31, #33, and #36.**

In request for production #31, Burton seeks all complaints, vehicle records, reports and investigative files, pleadings, judgments, settlements, claim letters, and any claim file related to an allegation against Roldan or UZGlobal of negligent operation of tractor-trailers. [Doc. 105-2, at 9]. UZGlobal objected with a boilerplate statement the request was overly broad and unduly burdensome, as well as for lack of temporal scope. *Id.* In its response to Burton's motion to compel, UZGlobal argues the request is "grossly overbroad" on its face. [Doc. 112, at 9]. The Court disagrees. While the request lists a number of different document types, they are not unspecific nor accompanied by sweeping omnibus terms. Instead, the request is tailored to legal action against Roldan and UZGlobal for negligent operation of tractor-trailers. Such actions would be relevant to issues of prior notice and patterns of negligence.

The lack of temporal scope does not make the request unduly burdensome on its face either. The Court cannot infer from the discovery request alone that UZGlobal and Roldan have suffered so many legal actions against them that to produce the requested documents would be too difficult or expensive. Therefore, UZGlobal needed to give specific, detailed support as to the burden Burton's request would cause but did not. *Dentsply Int'l*, 2013 WL 12246642, at *3. The Court overrules UZGlobal's objection and ORDERS UZGlobal to respond to request for production #31.

Requests for production #33 and #36 seek the load record, dispatch reports, and logs for Roldan and the tractor-trailer he drove during the collision "for a period beginning 30 days prior to, up to and including, the date of this incident." [Doc. 112, at 41–42]. UZGlobal gave boilerplate overbreadth, unduly burdensome objections then supplemented its responses to state it has no responsive documents from prior to October 26, 2022, as a result of its leasing the truck from Ryder on that date. *Id.* In addition, UZGlobal states it continues to seek responsive documents to

the request. *Id.* at 10, 41. The Court overrules UZGlobal's objections and ORDERS UZGlobal to either produce all responsive documents for the thirty-day window or to certify its reasonable efforts to do so for requests for production #33 and #36.

**E.      UZGlobal Shall Provide a Privilege Log for Its Work Product and Attorney-Client Privilege Objections.**

In response to requests for production #15, #19–#21, #37, and #43, UZGlobal raised work product doctrine and attorney-client privilege objections. [Doc. 112, at 36–38, 42, 44]. Burton argues that the Court should overrule UZGlobal's objections for failure to provide a privilege log. [Doc. 105, at 3–5]. In the alternative, Burton asks the Court to require UZGlobal to provide one. [Doc. 117, at 2]. UZGlobal responds that the lack of a privilege log does not undermine its objections. [Doc. 112, at 5].

Any party that seeks to withhold material on the basis of attorney-client privilege or work product must expressly do so and sufficiently describe the material withheld to enable the other party to assess the claim of privilege. Fed. R. Civ. P. 26(b)(5)(A); *see also* Fed. R. Civ. P. 45(e)(2)(A) (subpoenas). It is settled law that the objecting party must produce a privilege log for the withheld material. *Anaya v. CBS Broadcasting, Inc.*, 251 F.R.D. 645, 651 (D.N.M. 2007). The failure to do so enables the Court to deem the party has waived the objection. *Id.* UZGlobal cites no basis for its contention otherwise. *See Tex. Brine Co., LLC & Occidental Chem. Corp.*, 879 F.3d 1224, 1229–30 (10th Cir. 2018) (Why the objecting party "believes it can assert a blanket claim of privilege . . . without complying with . . . Fed. R. Civ. P. 26(b)(5)(A) is beyond us."). The Court ORDERS UZGlobal to produce a privilege log to support all of its attorney-client privilege and work product objections. *Renteria v. Liberty Mut. Grp. Inc.*, No. 23-cv-01093, 2025 WL 1827306, at *10 (D.N.M. July 2, 2025). Failure to do so will result in the Court deeming

11

UZGlobal's privilege objections to these requests for production waived. *Anaya*, 251 F.R.D. at 651.

UZGlobal alternatively argues requests for production #15 and #19–#21 have been mooted by its supplemental responses that it possesses no other responsive material than what it has already produced. [Doc. 112, at 36–38]. However, UZGlobal qualified its responses by construing Burton's request to not apply to privileged material or work product. *Id.* Therefore, the Court ORDERS UZGlobal that to the extent it does not have possession, custody, or control of any responsive documents to Burton's discovery requests *as written*, it must certify it does not and sufficiently describe its efforts to obtain them.

## V.    CONCLUSION

In summary, the Court GRANTS IN PART and DENIES IN PART Burton's motion to compel [Doc. 105] and ORDERS UZGlobal:

- to respond to requests for production #17, #18, and #44 as modified by the Court;

- to respond to requests for production #31, #33, and #36 as written; and

- to produce a privilege log for its objections to requests for production #15, #19–#21, #37, and #43.

UZGlobal shall respond to these discovery requests within **thirty (30) days** of this Order. Because the Court grants in part and denies in part Burton's motion to compel, the Court in its discretion ORDERS Burton and UZGlobal to pay their own attorney fees for the motion. *Benavidez v. Sandia Nat'l Lab'ys*, 319 F.R.D. 696, 730 (D.N.M. 2017) (discussing Fed. R. Civ. P. 37(a)(5)(C)).

IT IS SO ORDERED.

_____
Hon. Jerry H. Ritter
United States Magistrate Judge