IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RASHEEM CARTER, PETER WIRTH on behalf
of the Estate of Ervin Burton, deceased, and
ERVIN BURTON SR.,**

    **Plaintiffs,**

v.                                                                                          No. 1:23-cv-01013-MV-JHR

**UZGLOBAL LLC d/b/a FASTPLUS CARGO,
OSMANY HANNA ROLDAN,
AMAZON.COM INC.,
AMAZON.COM SERVICES, LLC,
AMAZON LOGISTICS, INC. d/b/a PRIME, and
RYDER TRUCK RENTAL, INC.,**

    **Defendants.**

**<u>MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF RASHEEM CARTER'S MOTIONS TO COMPEL [DOCS. 106, 107]</u>**

    THIS MATTER comes before the Court on Plaintiff Rasheem Carter's Amended Motion to Compel Defendant UZGlobal LLC's Responses to the First Set of Interrogatories and Requests for Production of Documents [Doc. 106] and Amended Motion to Compel Defendant Osmany Hanna Roldan's Responses to the First Set of Interrogatories and Requests for Production of Documents [Doc. 107]. UZGlobal responded to Carter's first motion [Doc. 113] and Roldan responded to Carter's second motion [Doc. 111]. Carter replied to UZGlobal's and Roldan's responses. [Docs 118, 119].

    **I.**    **BACKGROUND**

    Burton, Rasheem Carter, and Peter Wirth on behalf of the estate of Ervin Burton, Jr. sued Defendants for a motor vehicle collision on October 29, 2022, that seriously injured Carter and killed Burton Jr. [Doc. 72] (amended complaint). UZGlobal employed Roldan as the driver of a truck owned by Ryder Truck Rental pulling a semitrailer owned by Amazon. *Id.* Plaintiffs allege

1

Roldan failed to "keep a proper lookout" and rear-ended the car occupied by Carter and Burton Jr. *Id.* at 5. Plaintiffs alleged negligence, vicarious liability, joint venture liability, and products liability. *Id.* at 11–18. Amazon removed the suit to this Court on November 16, 2023. [Doc. 1]. Plaintiffs moved for remand, and the Court denied the motion on October 24, 2024. [Docs. 13, 43].

The Court entered a scheduling order on December 6, 2024, and the parties began discovery. [Doc. 55]. On June 3, 2025, Carter filed original motions to compel against UZGlobal and Roldan. [Docs. 92, 93]. Carter withdrew the motions due to erroneous case citations and filed amended motions on July 11, 2025. [Docs. 106, 107].

## II.    BRIEFING SUMMARY

Carter requests the Court to compel UZGlobal to respond to served interrogatories #10, #12, #13, #17, and #20 and requests for production #2–#4, #6, #7, #9–#11, #16, #17, #21, #35, #37, #42, #44, #46, #47, #49, and #50. [Doc. 106]. Carter requests the Court to compel Roldan to respond to served interrogatories #16 and #17 and requests for production #2, #4, #6–#11, #13, #14, and #16. [Doc. 107].

Carter argues that UZGlobal and Roldan rely on conclusory, "rote" objections based on overbreadth, undue burden, attorney-client privilege, and the work product doctrine. [Doc. 106, at 2–5]; [Doc. 107, at 2–5]. Carter asks the Court to overrule the overbreadth and undue burden objections and either overrule the privilege objections or require privilege logs. [Doc. 106, at 5–23]; [Doc. 107, at 5–15].[1]

---

[1] Carter also raises an argument in her reply regarding UZGlobal that UZGlobal failed to comply with the requirements of Rule 34(b)(2)(E)(i). [Doc. 119 at 5]. Because Carter did not initially raise this argument in her motion, the Court does not consider its merit. *See Volt Asset Holding Tr. XVI v. Martinez*, No. 13-cv-00508, 2018 WL 2723755, at *1 (D.N.M. June 6, 2018).

UZGlobal and Roldan respond that their objections are valid given all the contested discovery requests are facially improper. [Doc. 111, at 2–4]; [Doc. 113, at 3–4]. UZGlobal argues the Court should deny Carter's motions to compel, and both UZGlobal and Roldan assert that the lack of a privilege log cannot justify compelling further responses from them. *E.g.*, [Doc. 113, at 12]; [Doc. 111, at 6]. Both Defendants note that they have since supplemented several of their responses. [Doc. 113, at 8, 14]; [Doc. 111, at 4]. Carter replies that established privilege law mandates logs and Roldan and UZGlobal were required to give more specific objections. [Docs. 118, 119].

### III.   APPLICABLE LAW

**A.   Rule 26(b)'s Scope of Discovery.**

Discoverable material includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Factors include the importance of the issues at stake, the importance of the sought material to resolving those issues, the amount in controversy, the parties' resources and relative access to information, and the burden of producing the sought material compared to its likely benefit. *Id.* Courts enjoy considerable discretion to balance these factors when permitting, limiting, or denying discovery. *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995). The scope of discovery is presumptively broad: material that has any possible relevance to a claim or defense, even if the material itself is not admissible in evidence, may be discoverable. *Sugar v. Tackett*, No. 20-cv-00331, 2021 WL 5769463, at *4 (D.N.M. Dec. 6, 2021) (quotation omitted).

The liberal treatment of discovery does not require courts to approve an "unwieldy, burdensome, and speculative fishing expedition." *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010) (interpreting prior iteration of Rule 26(b)). Discovery instead permits "parties to flesh out allegations for which they initially have at least a modicum of

3

objective support." *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 465 (D.N.M. 2018) (quotation omitted). Overbroad discovery requests include those that employ omnibus terms like "concerning" or "relating to" in combination with generalized categories of information. *Moses v. Halstead*, 236 F.R.D. 667, 672 (D. Kan. 2006); *see also Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) (discovery requests must be phrased with "reasonable particularity"). In addition, failure to specify relevant timeframes, subject matter, or locations creates overbreadth and undue burden. *See Baylon v. Wells Fargo Bank, N.A.*, No. 12-cv-00052, 2013 WL 12164723, at *3 (D.N.M. Nov. 20, 2013); *see also Coolidge v. United States*, No. 21-cv-00307, 2022 WL 1026947, at *4 (D.N.M. Apr. 6, 2022).

Courts may modify improper discovery requests in their discretion. Fed. R. Civ. P. 26(b)(2)(C); *see Punt v. Kelly Servs.*, 862 F.3d 1040, 1047 (10th Cir. 2017).

**B.    Interrogatories.**

A party may serve an interrogatory about any matter within the scope of discovery. Fed. R. Civ. P. 33(a)(2). For entity parties, an officer or agent must answer the interrogatory by furnishing "all available information." Fed. R. Civ. P. 33(b)(1)(B). "Available information" includes all information the agent or officer can obtain with reasonable effort, including from other agents, representatives, and current and former employees. *Dalton v. Town of Silver City*, No. 17-cv-01143, 2021 WL 4307149, at *6 (D.N.M. Sep. 22, 2021). However, the officer or agent need not "do the interrogating party's investigation for him" by expending undue labor or expense to track down responsive information. *City of Las Cruces v. United States*, No. 17-cv-00809, 2021 WL 330062, at *8 (D.N.M. Feb. 1, 2021) (quotation omitted). If the party cannot give a full, fair, and specific answer to an interrogatory despite reasonable effort, its officer or agent must state so under oath and describe the efforts undertaken. *Id.*

**C.    Requests for Production.**

4

A party may request to inspect any discoverable documents or electronically stored information that is in another party's possession, custody, or control. Fed. R. Civ. P. 34(a)(1)(A). The request must "describe with reasonable particularity each item or category of items to be inspected." *Id.* 34(b)(1)(A). "Possession, custody, or control" covers all items which a party either has the right, authority, or practical ability to obtain, including from a non-party. *Las Cruces*, 2021 WL 330062, at *8; *Landry v. Swire Oilfield Servs., LLC.*, 323 F.R.D. 360, 382 (D.N.M. 2018). Complying with a request for production requires a party to either produce all responsive material or affirmatively state it could not do so despite reasonable efforts. *Zheng v. Walker*, No. 22-cv-00432, 2023 WL 4365441, at *2 (D.N.M. July 6, 2023). The producing party must sufficiently describe those efforts to enable the court to review the diligence of the party's search. *Id.* at *3.

The fact that a request for production seeks material equally available to both parties will not bar discovery. *Lincoln v. Hartford Ins. Co.*, No. 02-cv-00738, 2003 WL 27385328, at *3 (D.N.M. May 12, 2003). However, the court may limit or deny the request as unreasonably burdensome or inconvenient. *Id.*; *Wetzel v. Diestel Turkey Ranch*, No. 20-cv-01213, 2022 WL 16635292, at *8 (D.N.M. Nov. 2, 2022).

**D.    Objecting to Discovery Requests.**

If a discovery request's relevance is not "readily apparent," the requesting party has the burden to demonstrate relevance. *Cardenas v. Dorel Juv. Grp., Inc.*, 232 F.R.D. 377, 383 (D. Kan. 2005). But if relevance is either apparent or demonstrated by the requesting party, the objecting party has the burden to prove its objection is justified. *See id.* at 382. Objections must be specific and supported; boilerplate statements—that a request is overly broad, unduly burdensome, or privileged without further explanation, for example— improperly "conceal from opposing counsel and the court the actual problem with [the] request." *Smash Tech., LLC v. Smash Sols., LLC*, 335

F.R.D. 438, 447 (D. Utah 2020). Boilerplate objections receive boilerplate overrulings. *AerSale, Inc. v. City of Roswell*, No. 22-cv-00218, 2023 WL 8005213, at *5 (D.N.M. Nov. 17, 2023).

While a party can object to discovery requests in full or in part, it cannot preserve its objections by producing discovery "notwithstanding" or "without waiving" those objections. *Heuskin v. D&E Transp., LLC*, No. 19-cv-00957, 2020 WL 1450575, at *2 (D.N.M. Mar. 25, 2020) (interrogatories); *Wagner Equip. Co. v. Wood*, No. 11-cv-00466, 2012 WL 12862336, at *6 (D.N.M. Nov. 21, 2012) (requests for production). Such objections fail to alert the requesting party or the court to what, if any, responsive material was withheld. *Smash Tech.*, 335 F.R.D. at 442. A party must either disclose fully or (1) object to the discovery request, (2) withhold requested material based on the objection, and (3) clearly state it has done so by "link[ing] each specific objection to what was withheld." *Id.*

## IV.   ANALYSIS

For several of their objections, UZGlobal and Roldan rely on conclusory statements that a discovery request is overbroad, unduly burdensome, or would violate either attorney-client privilege or the work product doctrine. As the Court held in its previous order, boilerplate objections are improper as a matter of form due to their tendency to hide the specific cause of a dispute over a discovery request. [Doc. 155, at 6]. Defendants' argument that they may use boilerplate objections in response to facially improper discovery requests conflates their duty to state particularized objections with burdens of proof. *See Cardenas*, 232 F.R.D. at 382–83; *see also* Fed. R. Civ. P. 33(b)(4), 34(b)(2)(B). Therefore, the Court overrules all of UZGlobal's and Roldan's boilerplate objections.

UZGlobal requests the Court deny any improper discovery requests outright as opposed to modifying them to comport with Rule 26(b). UZGlobal argues that modification "creates a

perverse incentive for parties [to] broadly frame their requests and burden answering parties (if not [the Court] as well) with coming up with an appropriate request." [Doc. 113, at 9]. But the Court must balance whether to modify or reject an improper discovery request to ensure a just resolution of the case, most preferably on its factual merit. *See generally Gillum v. United States*, 309 F. App'x 267, 270 (10th Cir. 2009) (Parties are "not merely players in a game, trying to catch each other out . . . [L]itigation should promote the finding of the truth, and, wherever possible, the resolution of cases on their merits."). Nevertheless, the Court finds persuasive UZGlobal's argument about incentivizing inefficient discovery practice as disputes have continued to arise between the parties. The Court therefore cautions all parties that continued failure to properly formulate discovery requests and objections may result in outright denials or overrulings.

Carter did not dispute she received supplementary responses to some requests or that the responses were satisfactory, obviating the need for the Court's intervention. *See Leal v. Ohio Sec. Ins. Co.*, No. 23-cv-01121, 2024 WL 4492162, at *2 (D.N.M. Oct. 15, 2024). As a result, the Court finds that the disputes over UZGlobal interrogatories #13 and #17, UZGlobal requests for production #3, #9–#11, #35, #37, #46, #47, #49, and #50, Roldan interrogatory #17, and Roldan requests for production #2, #7–#11, #13, #14, and #16 are moot.

A.   **UZGlobal Must Respond to Modified Versions of Interrogatories #10, #12, and #20.**

For the following discovery requests, the Court finds UZGlobal made valid objections but in its discretion will require UZGlobal to respond to modified versions.

> 1. *Interrogatory #10: "State in detail any drug or alcohol taken or consumed by the driver within 72 hours of the incident and/or any drug the driver of the vehicle had taken at any time within the past year."*

Carter included in this interrogatory requests for the name of any alcohol taken, contact information for who provided it, its alcoholic content, type of alcohol, the quantity consumed, and contact information for anyone with relevant information about Roldan's alcohol consumption.

7

[Doc. 113, at 49–50]. UZGlobal objected to the fact that the interrogatory seeks "any" drug Roldan may have taken for a year prior to the accident and that Carter did not address the interrogatory to Roldan himself. *Id.* at 50. Carter argues Roldan's drug history is relevant to whether he drove impaired on the night of the collision, which in turn could inform punitive damages. [Doc. 106, at 6]. UZGlobal posits that the parties do not dispute Roldan had no drugs or alcohol in his system during the collision. [Doc. 113, at 5–6]. Furthermore, UZGlobal responds that Roldan's drug use for the past year has little to no relevance to his culpability for his driving the night of. *Id.* Carter replies that the data for Roldan disclosed by UZGlobal did not indicate any results of drug testing post-collision. [Doc. 119, at 3].

The Court finds that the issue is not resolved by stipulation and any drug- or alcohol-induced impairment to Roldan's operation of the trailer is relevant to Plaintiffs' negligence claims. However, Carter's request for "any" drug used by Roldan for the past year is clearly overbroad. As written the interrogatory would force UZGlobal to search for and attempt to produce months' worth of irrelevant information, such as Roldan's consumption of over-the-counter medication, prescription pharmaceuticals, or other benign "drugs" that either would have long left Roldan's system or had no impairing effect on him the night of the collision.

Carter argues the interrogatory's scope is proper to assess UZGlobal's knowledge of whether Roldan was "physically qualified" to drive or subject to "any federal substance abuse protocols." [Doc. 106, a 6]. But Carter makes these arguments in the context of the interrogatory's first subpart, time-limited to a seventy-two hour window. *Id.* Carter argues the separate year-long span is relevant to "pattern or practice." *Id.* (citing Fed. R. Evid. 404(b)). Even if a year's worth of material was necessary to establish a pattern of drug or alcohol use by Roldan leading up to the collision, it still has no limit to type or legality of drug, time of consumption, or whether UZGlobal

8

was aware of Roldan's use. Such a pattern would have no relevance to the material issues of this case.[2] Therefore, the Court will limit the time frame for which UZGlobal must disclose.

The Court does not find that the mere fact Carter addressed this interrogatory to UZGlobal instead of Roldan makes the interrogatory improper. A party's relative access to information is a factor in discoverability. Fed. R. Civ. P. 26(b)(1). Whether UZGlobal possesses information about potential drug and alcohol use by Roldan from around the time of the collision, and when and how UZGlobal came to possess that information, is relevant to Carter's allegations that UZGlobal knowingly allowed an impaired driver to operate a trailer. [Doc. 72, at 16].

Therefore, the Court ORDERS UZGlobal to respond to interrogatory #10 limited to the thirty-day period prior to the October 2022 collision.

 2. *Interrogatory #12: "Describe in detail any other accidents, collisions, license suspension or revocation or traffic citations your company, or any of its contract drivers/operators, have been involved in an incident where negligence was alleged in causing injury or death."*

Carter included a request for details with respect to dates, locations, parties, convictions, judgments, and other particulars about any of these potential events. [Doc. 113, at 50]. UZGlobal objected to the interrogatory as overbroad for lack of a temporal limitation or limitation to Roldan, instead seeking information on "any" driver or operator. *Id.* at 50–51. Carter argues the limitation to UZGlobal is sufficiently particular and relevant to whether the company had knowledge of safety risks in its practices that it failed to adequately address. [Doc. 106, at 7–8]. UZGlobal responds by maintaining its objection. [Doc. 113, at 6–7]. Carter maintains that records of prior

---

[2] To the extent Carter meant that Roldan's drug use, if any, is discoverable even if she could not admit that evidence at trial under Fed. R. Evid. 404(b), the Court agrees. *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 469 (D.N.M. 2018) (discovery is defined by relevance, not admissibility). But discoverable material must reasonably bear on relevant matters. *Id.* Carter does not explain why, for example, taking an over-the-counter pain reliever eleven months before the crash reasonably bears on whether Roldan was an impaired driver on October 29, 2022.

complaints involving similar equipment, drivers, or allegations bear directly on Plaintiffs' claim against UZGlobal. [Doc. 119, at 3].

Similar to Burton's request for files relating to legal action against UZGlobal, the Court cannot infer the lack of a temporal limitation alone is overbroad by speculating on the number of accidents or citations UZGlobal may have been involved in on account of its drivers. *See* [Doc. 155, at 10]. UZGlobal provides no additional support for this particular objection. However, Burton's request was limited to investigations and legal action against Roldan or UZGlobal and specified negligent operation of trailers, not just any negligence action. *Id.* Here, Carter seeks information about all UZGlobal drivers generally for any type of negligence action without limiting the interrogatory to when those drivers were working. Thus, the interrogatory goes beyond those issues for which Plaintiffs have demonstrated a modicum of support.

Therefore, the Court ORDERS UZGlobal to provide details of:

(1) any accidents or collisions involving injury to any person, omitting any instances where a driver other than the UZGlobal driver was found solely at fault by a judicial determination and also omitting, in the absence of any judicial determination, instances where no allegation of improper driving was made against a UZGlobal driver by law enforcement citation or formal legal pleading;

(2) any suspension or revocation of the commercial driver's license of any UZGlobal driver based wholly or in part on any moving violation of traffic laws.

3. *Interrogatory #20: "[E]ach claim filed against you where it was alleged that you were negligent when an employee caused injury or death while driving a tractor trailer in the last fifteen (15) years."*

Carter seeks details of records custodians, culpable employees, dates, locations, contact information, injuries, and defenses involved in claims of negligence against UZGlobal for the past fifteen years. [Doc. 113, at 54]. UZGlobal objected specifically to the time period extending

beyond the date of the October 2022 collision. *Id.* Carter argues, without elaboration, that the fifteen-year time period is relevant and proportionate to the needs of the case. [Doc. 106, at 11]. The Court finds that accidents which occurred after the collision at issue do not have facial relevance, directly or indirectly, to Plaintiffs' allegations against UZGlobal. Thus, the burden shifted to Carter to demonstrate with specificity the relevance of that information. *Cardenas*, 232 F.R.D. at 383. She did not.

Therefore, the Court ORDERS UZGlobal to respond to interrogatory #20 limited to the twelve (12) years prior to the October 2022 collision.

**B.    The Court Sustains UZGlobal's Objections to Requests for Production #16 and #17.**

With these requests, Carter seeks, without qualification or elaboration, "all union contracts" and "a copy of all licenses to this Defendant." [Doc. 113, at 60]. UZGlobal objected that the request for union contracts lacked a temporal scope and was otherwise overly broad and unduly burdensome, while the request for "licenses" was vague as to the type of documentation Carter sought. *Id.* Carter argues the requests should have been understood in the "context of Plaintiffs' claims and . . . therefore not unnecessarily construed as overly broad or burdensome if . . . a viable interpretation . . . is available." [Doc. 106, at 16–17]. The Court need not summarize the rest of the parties' arguments because Carter's assertion is antithetical to the rules of discovery. Parties must state their requests for production with particularity. Fed. R. Civ. P. 34(b)(1). The responding party has no obligation to contextualize an improperly vague request. *See Punt*, 862 F.3d at 1047. The Court sustains the objections to requests for production #16 and #17.

**C.    The Court Overrules UZGlobal's Objections to Request for Production #21.**

In request for production #21, Carter requested the time records and driving log for Roldan for the four weeks prior to and including the October 2022 collision. [Doc. 113, at 62]. UZGlobal offered boilerplate objections of overbreadth and undue burden. *Id.* Because the time records and

driving log for Roldan has facial relevance, the Court overrules UZGlobal's boilerplate objections and ORDERS UZGlobal to respond to the request for production as written.

**D.      UZGlobal and Roldan Must Provide Privilege Logs for Their Privilege Objections.**

For the remaining interrogatories and requests for production in dispute, UZGlobal and Roldan objected on the basis of work product doctrine and attorney-client privilege but failed to produce an adequate privilege log.[3] UZGlobal and Roldan raised many of their work product objections to Carter's requests for information about their contentions regarding third-party liability, research into the Plaintiffs, photography or other documentation of the scene of the collision, statements about the collision, and similar topics. *See, e.g.*, [Doc. 113, at 53, 57–58]; [Doc. 111, at 18, 22].

The work product doctrine protects counsel's "mental impressions, conclusions, opinions, or legal theories authored in anticipation of litigation," which covers any documents containing such information. *Resol. Tr. Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995); *Pouncil v. Branch Law Firm*, 277 F.R.D. 642, 649 (D. Kan. 2011).[4] However, that concern is not implicated with respect to the facts which are gathered by counsel nor the fact of the work product's creation itself. *Dabney*, 73 F.3d at 266. As a result, the work product doctrine permits the discovery of facts and the documents containing them under certain circumstances. Fed. R. Civ. P. 26(b)(3)(A).

The doctrine's operative concern is to protect attorneys' privacy while developing their clients' case. *United States v. Nobles*, 422 U.S. 225, 238 (1975). Consequently, parties are not prohibited from clarifying or inquiring into the legal contentions which counsel have pursued in

---

[3] Roldan's discovery responses suggest at least some form of a privilege log was produced. [Doc. 111, at 24]. However, neither Carter nor Roldan mention this log in their briefing. Therefore, the Court proceeds as if the log provided did not cover the privilege claims made by Roldan in response to the contested discovery requests.
[4] The doctrine in federal court is governed by federal law in diversity cases. *Frontier Refin., Inc. v. Gorman-Rupp Co., Inc.*, 136 F.3d 695, 702 n.10 (10th Cir. 1998).

their litigation of the case. Fed. R. Civ. P. 33(a)(2); *see In re Rail Freight Fuel Surcharge Antitrust Litig.*, 281 F.R.D. 1, 4 (D.D.C. 2011). In sum, while counsel cannot invade each other's preparatory work, they can seek discovery of the factual and legal contentions a party intends to rely upon to present its claims or defenses. *See Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006) (distinguishing an attorney's legal contentions from mental impressions and thought processes). Courts may in their discretion delay the deadline to answer such interrogatories until the completion of discovery. Fed. R. Civ. P. 33(a)(2).

Here, Carter's interrogatories and requests for production conceivably implicate both privileged and non-privileged information. As the Court held in its previous order, the necessity to produce a privilege log to support any privilege objection is established law. [Doc. 155, at 11]. Failure to produce the log may result in the court deeming the privilege waived. *Anaya v. CBS Broad. Inc.*, 251 F.R.D. 645, 651 (D.N.M. 2007). The Court will exercise its discretion, however, to order UZGlobal and Roldan to produce privilege logs in response to these discovery requests. Failure to do so will result in the Court overruling the objections and requiring UZGlobal and Roldan to make full disclosures.

## V.     CONCLUSION

For the reasons above, the Court GRANTS IN PART and DENIES IN PART Carter's amended motions to compel [Docs. 106, 107] and ORDERS the following:

- UZGlobal shall respond to interrogatories #10, #12, and #20 as modified by the Court above;
- UZGlobal shall make a full response to request for production #21;
- UZGlobal shall provide a privilege log in support of its privilege objections to requests for production #2, #4, #6, #7, #42, and #44; and

- Roldan shall provide a privilege log in support of his privilege objections to interrogatory #16 and requests for production #4 and #6.

UZGlobal and Roldan shall make these disclosures within **thirty (30) days** of this Order. Because the Court grants in part and denies in part Carter's motions to compel, the Court in its discretion ORDERS Carter, UZGlobal, and Roldan to pay their own attorney fees for the motions. *Benavidez v. Sandia Nat'l Lab'ys*, 319 F.R.D. 696, 730 (D.N.M. 2017) (discussing Fed. R. Civ. P. 37(a)(5)(C)).

IT IS SO ORDERED.

_____
Hon. Jerry H. Ritter
United States Magistrate Judge