# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**RASHEEM CARTER,**
**PETER WIRTH,** *on behalf of the*
*Estate of Ervin Burton, deceased*, **and**
**ERVIN BURTON, SR.,**

      **Plaintiffs,**

**v.**                                                                 **No. 1:23-cv-01013-MV-JHR**

**UZGLOBAL LLC d/b/a FASTPLUS CARGO,**
**OSMANY HANNA ROLDAN,**
**AMAZON.COM INC.,**
**AMAZON.COM SERVICES, LLC,**
**AMAZON LOGISTICS, INC. d/b/a PRIME, and**
**RYDER TRUCK RENTAL INC.,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER GRANTING UZGLOBAL DEFENDANTS' and PETER WIRTH'S MOTIONS TO EXCUSE ATTENDANCE FROM SETTLEMENT CONFERENCE [DOCS. 211, 218].

THIS MATTER comes before the Court on Defendants UZGlobal and Osmany Roldan's Motion for Excusal from Settlement Conference [Doc. 211] and Plaintiff Peter Wirth's Motion for Excusal from In-Person Appearance at Settlement Conference [Doc. 218]. Plaintiffs filed a response objecting to UZGlobal and Roldan's motion [Doc. 217], and UZGlobal and Roldan (herein "UZGlobal Defendants") filed a reply [Doc. 219]. No objections were filed in response to Wirth's motion. Having reviewed the briefing, case record, and applicable law, the Court GRANTS both the UZGlobal Defendants' and Peter Wirth's motions. The Court DENIES the request to excuse Plaintiffs Ervin Burton Sr. and Rasheem Carter made in Plaintiffs' response to the UZGlobal Defendants' motion.

## I.     BRIEFING SUMMARY

**A.     UZGlobal Defendants' Motion to Excuse.**

The UZGlobal Defendants filed their motion on February 7, 2026, requesting that the Court excuse both Roldan and Defendants' insurance adjuster from personal attendance at the settlement conference scheduled for February 27, 2026, in Albuquerque. [Doc. 211]. Other Defendants do not oppose, but Plaintiffs do. *Id.* at 3. The Court requires personal attendance of all named parties in order "to increase the efficiency and effectiveness of the settlement conference by reducing the time for communication of offers." [Doc. 172, p. 2]. The Court may excuse personal attendance upon written request. *Id.* UZGlobal's insurer, National Specialty Insurance Company, has tendered policy limits as an offer of settlement. [Doc. 211, p. 2]. The UZGlobal Defendants claim that no further purpose is served by attendance of either Roldan as UZGlobal's employee or the insurance adjuster. *Id.* Roldan and the insurance adjuster can be available by telephone. *Id.* at 3. UZGlobal's principal Rafik Hakimov will attend in person. *Id.* at 2.

Plaintiffs argue that "National's settlement offer was contingent on Plaintiffs releasing all their claims, including those against Amazon," and thus "National did not make an unconditional tender of policy limits." [Doc. 217, p. 1 (emphasis omitted); *see also Id.* pp. 2–3 (emphasis omitted)]. The UZGlobal Defendants reply that all offers are conditional because no one ever offers something of value with nothing expected in return, [Doc. 219, p. 2], missing or obscuring Plaintiffs' point that National's offer is conditional not just on release of claims against its own insureds but also claims against the Amazon Defendants. At the same time, Plaintiffs have not articulated a principle that would render National's offer illusory or improper rather than merely unpalatable to Plaintiffs.

National and the UZGlobal Defendants repeat that their tender of National's policy limits is "[t]he salient fact" underlying their motion. *Id.* They say that National's adjuster "has no decisions to make at settlement" and "Plaintiff [*sic*] may accept or reject the offer" so "[h]is

presence would be meaningless to the success or failure of negotiations." *Id.* at 3. According to the UZGlobal Defendants, "any discussion of settlement amounts in excess of policy limits would necessarily have to take place between Plaintiffs and [D]efendants (or their insurers) other than Mr. Roldan, Mr. Hakimov, and National Specialty Insurance Company." [Doc. 211, p. 2].

Plaintiffs attached to their response a *Certificate of Liability Insurance* identifying UZGlobal, LLC as an additional insured on a commercial general liability policy through Penn Star Insurance Company and an automobile liability policy through National Continental Insurance. [Doc. 217, p. 8]. Plaintiffs assert that each of those policies provides another $1 million in coverage, though the coverage amounts are redacted from the exhibit. *Compare Id.* at 2, *with Id.* at 8. Neither company has tendered any amount to settle this case. *Id.* at 2. Plaintiffs also argue that both Roldan and UZGlobal face claims of liability in excess of the National Specialty policy limits as well as claims for punitive damages and so should be expected to personally participate in discussions of compromise of those claims. *Id.* at 2–4. In addition, representatives with settlement authority for the two additional insurers should personally attend "so that they can make critical decisions about how to defend the claims against them with full knowledge of all the implications of the positions their counsel is espousing." *Id.* at 3–4.

The UZGlobal Defendants debate the significance of the proffered certificate of insurance: though they acknowledge that it shows UZGlobal to be an additional insured on a policy issued to a third party, they assert (without documentation or explanation) "that policy was not applicable to any equipment or operation at issue in this case." [Doc. 219, p. 3]. Defendants characterize as "ludicrous" Plaintiff's desire to involve National in the discussion whether the additional policy could or should be at issue in these negotiations. *Id.*

3

Without identifying the argument as a separate motion, Plaintiffs propose that "fundamental fairness" demands, if anyone with settlement authority is excused from in-person attendance, all should be excused. [Doc. 217, pp. 4–5]. Plaintiffs claim a significant hardship from "out-of-state travel and lodging" imposed by the personal attendance requirement because "Mr. Burton Sr. is elderly and Ms. Carter is an injured mother of three." *Id.* at 4. The UZGlobal Defendants object to Plaintiffs' request for "fairness" as not having been made by motion as required by Rule 7. [Doc. 219, p. 5 (citing Fed. R. Civ. P. 7(b)(1))]. They further object to excusal of plaintiffs Burton and Carter "because they are the parties who 'have the power to make decisions.'" *Id.*

**B.    Peter Wirth's Motion to Excuse.**

On February 13, 2026, Plaintiff Peter Wirth, on behalf of the estate of Ervin Burton, deceased, filed a *Motion for Excusal from In-Person Appearance at Settlement Conference*. [Doc. 218]. Wirth noted that the sole beneficiary of the estate is Ervin Burton, Sr., who would have to provide Wirth with settlement authority in response to any defense offer and would personally attend the conference. *Id.* at 1–2. Wirth's absence is necessary because, prior to the conference being scheduled, he made plans for a conflicting out-of-state family trip. *Id.* at 2. Wirth's conflict was not disclosed prior to setting the conference because as a state legislator he was unavailable for consultation during the 30-day legislative session. *Id.* Wirth will be available by phone except from 10 a.m. through 12 p.m. while he is in flight and available through text messaging. *Id.* Because of Ervin Burton, Sr.'s in-person attendance, "there will be no impediment to communication of offers and efficiency." [Doc 218, p. 2]. All Defendants filed Defendants' *Joint Response to Plaintiff's Motion for Excusal of Peter Wirth's In-Person Attendance at Settlement*

4

*Conference* on February 17, 2026, stating that they "take no position" on Wirth's request. [Doc. 224, p. 1].

## II.    ISSUES PRESENTED

Whether the Court should excuse the following persons from attending in person the February 27, 2026, settlement conference in Albuquerque:

1. Defendant Osmany Roldan, because as a former employee of UZGlobal he is not contributing financially to the settlement and UZGlobal's insurer has tendered policy limits as part of a pre-conference settlement offer.

2. UZGlobal's insurance adjuster, because the insurer has tendered policy limits and there is no reason to think that there is any other applicable insurance policy at this time.

3. Plaintiff Ervin Burton Sr., because he is elderly and as a matter of "fundamental fairness" if anyone else is excused (even though no motion was filed requesting his excusal, and part of the basis for excusing Wirth is that Burton will be attending in person).

4. Plaintiff Rasheem Carter, because she is "injured" and a mother of three young children (even though no motion was filed requesting her excusal).

5. Plaintiff personal representative Peter Wirth, because he is a state legislator and the 2026 legislative session ran for thirty consecutive days ending on February 19, 2026, preventing him from raising a pre-existing scheduling conflict, and because he will be available by telephone to participate in negotiations and Defendants do not oppose his excusal.

## III.    APPLICABLE LAW

"In every civil case the parties must participate in a settlement conference with a Judge unless otherwise ordered by the Court." D.N.M.LR-Civ. 16.2(a). The local rules require that for each party "at least two persons must attend:" the trial attorney and "the party or designated representative with final settlement authority." *Id.* 16.2(c). The *Order Setting Rule 16 Settlement Conference* ("Settlement Conference Order"), entered on December 29, 2025, requires that "[i]n the case of institutional parties, a designated representative, other than counsel of record, with full and final settlement authority must attend." [Doc. 172, p. 2 (emphasis and footnote omitted)]. A request for excusal from attendance must be in writing and filed at least 7 days before the settlement conference. D.N.M.LR-Civ. 16.2(d).

The Settlement Conference Order explains: "A party's personal appearance is intended to increase the efficiency and effectiveness of the settlement conference by reducing the time for communication of offers and expanding the ability to explore options for settlement." [Doc. 172, p. 2 (emphasis omitted)]. The order adds: "Excused parties must be available by telephone throughout the day of the conference." *Id.*

## IV.   <u>ANALYSIS</u>

The goal of in-person attendance is to maximize "efficiency and effectiveness" through ease of communication and exploration of settlement options. *Id.* While excusals are possible, the Court should exercise its discretion to serve that goal, balancing the cause asserted with the likely effect. In particular, Local Rule 16 emphasizes that parties and representatives who hold actual settlement authority must be actively and easily involved in settlement communications.

Osmany Roldan is a named party as the driver employee of UZGlobal who was personally involved in the underlying accident. At this time, the primary source of funding for a settlement involving Roldan as employee and UZGlobal as employer appears to be the insurance policy

6

issued by National whose authorized adjuster has tendered the policy limits as part of a joint counteroffer on behalf of all Defendants. Roldan does not have any authority to reduce or increase the amount offered by his employer's insurance company, nor to veto a policy limits settlement if tendered. Under those circumstances, Roldan does not carry actual settlement authority and his request to be excused from in-person attendance is well-taken and should be granted. He will remain available by telephone if needed.

UZGlobal will be represented in-person at the conference by its principal, Rafik Hakimov. UZGlobal's insurer has tendered policy limits as part of a joint counteroffer with the other Defendants which includes an amount of additional funds supplied by the Amazon Defendants. National's adjuster has actual and full settlement authority to the extent of the policy. Having tendered policy limits, the adjuster's rule at the conference will be largely passive as Plaintiffs negotiate to obtain additional recovery from the Amazon Defendants. Under the circumstances, where National's insurer will be available by telephone throughout the conference for communication about the negotiations, there is little purpose in requiring in-person attendance. The adjuster's request to be excused is well-taken and should be granted.

By motion, Plaintiffs requested that estate representative Peter Wirth be excused because of a conflicting travel commitment and noting that true settlement authority for the estate of Ervin Burton lies with its sole beneficiary, Ervin Burton, Sr. Because Ervin Sr. will be in personal attendance, and Peter Wirth will be available by phone or, or by text messaging for a limited time while in flight, there is little cost to the efficiency of the negotiations if Wirth is excused from in-person attendance. His request is well taken and should be granted.

Without filing a separate motion, Plaintiffs Ervin Burton, Sr. and Rasheem Carter requested in their response to the UZGlobal Defendants' motion that they be excused from in-person

attendance because of the difficulty of traveling to the conference based on Ervin Sr.'s age and Rasheem Carter's injury and family-care responsibilities. No additional detail was provided. Given that Peter Wirth's excusal was expressly conditioned upon Ervin Sr.'s personal attendance and that Ervin Sr. carries the actual settlement authority for his own claims as well as the estate's, his request for excusal is not well-taken and should be denied. Though not similarly situated, Rasheem Carter's role as the person with sole settlement authority for her own claims likewise requires her to attend in-person and her request should be denied.

## V.     CONCLUSION AND ORDERS

For the reasons stated, Plaintiff Peter Wirth and Defendant Osmany Roldan, as well as National's insurance adjuster are excused from in-person attendance on February 27, 2026, on the condition that they remain available by phone, or for Mr. Wirth between 10 a.m. and 12 p.m. by text, for the duration of the conference. Plaintiffs Ervin Burton, Sr., and Rasheem Carter are not excused and must attend in-person for the duration of the conference.

IT IS SO ORDERED.

_____
HON. JERRY H. RITTER
United States Magistrate Judge